(No. 31703.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER KOSEARAS, Plaintiff in Error.

*Opinion filed January 18, 1951.*

WAYNE WILSON, and LOWELL B. SMITH, both of Sycamore, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and CLARK H. COUNTRYMAN, State's Attorney, of Sycamore, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a writ of error to review a judgment of conviction entered by the circuit court of De Kalb County against the defendant, Peter Kosearas, for the crime of uttering a fictitious check. He was tried before a jury and upon its verdict of guilty was sentenced to the penitentiary for not less than five nor more than ten years. He complains here of the competency and sufficiency of the evidence upon which his conviction was based, and of the conduct of the State's Attorney during the trial.

Our attention is first attracted to the contention that the trial court erroneously allowed the State's Attorney to establish by cross-examination that defendant had previ-

ously been confined in the penitentiary. Defendant took the witness stand on his own behalf and was cross-examined about his occupation and whereabouts previous to the date of the crime for which he was being tried. In this regard he testified that he had worked for one Donnelly for a period during 1948 and 1949. He was then asked what he had done prior to working for Donnelly. Defendant's counsel objected to the question and when the State's Attorney explained to the court that he was trying to show the jury what defendant had "done during his life for the purpose of showing the jury what *credibility* [emphasis ours] they should give to his testimony," the trial court overruled the objection. The question was repeated and defendant's response was that he "was in prison." His counsel thereupon moved that the answer be stricken and that a mistrial be declared. In arguing against the motion, the State's Attorney stated: "It is my prerogative to inquire into this man's background to that extent for the purpose of informing the jury, and for the purpose of later arguing to the jury, as to what credibility should be given his testimony." At this point the court and counsel retired to chambers to discuss the matter, following which the court denied the motion to strike and declare a mistrial, but admonished the State's Attorney not to pursue his line of questioning further. Notwithstanding this expression of warning by the court, the State's Attorney was further allowed, over objection, to ask the defendant why he had been arrested in California, and to make an insinuative inquiry as to whether the defendant had ever before testified as a witness in court.

Counsel for the People concede that, in criminal cases, proof of conviction of an infamous crime, for the purpose of affecting the credibility of a defendant, can be made only by the introduction of the record of conviction made before a competent tribunal. (*People* v. *Lane,* 400 Ill. 170; *Kirby* v. *People,* 123 Ill. 436; *Bartholomew* v. *People,* 104 Ill.

601.) However, it is contended that in this case the defendant voluntarily and unexpectedly answered that he had been in prison, while the prosecution was conducting proper interrogation of the accused as to his occupation and residence. The record does not support this position, for remarks of the prosecutor, made both before and after the information was elicited from the defendant by persistent questioning, establish the purpose of the questioning as being to present to the jury the issue of defendant's credibility. In so doing, the prosecutor violated the fundamental rule of practice relating to proof of prior convictions. (*McKevitt* v. *People,* 208 Ill. 460.) Nor, under the circumstances, is his conduct to be condoned by the assertion that he could properly cross-examine as to the defendant's residence and occupation. As stated in the *McKevitt case,* "Improper conduct is not excused by a statement that the purpose is proper. The law does not permit the interrogation of a witness in regard to his residence, or any other subject, where the result will be to show, by oral testimony, that which can be legally shown only by testimony of a different character." It is manifest that the line of questioning pursued by the State's Attorney was designed to improperly introduce evidence of a prior conviction, and the court erred in not sustaining the objections made to it.

To repeat what was said in *People* v. *Decker,* 310 Ill. 234, there is no question more damaging to a defendant with a jury than one which suggests or intimates that he is a criminal or has been charged with criminal offenses. Such damage is magnified twofold when it is elicited from a defendant on cross-examination and he is compelled to testify against himself. While it is true that a jury might not have decided differently if the improper evidence of this nature had been excluded, it might have done so and the defendant is entitled to that chance. *Bartholomew* v. *People,* 104 Ill. 601.

Because the evidence of a prior conviction was improperly introduced and admitted to the consideration of the jury, the judgment of conviction is reversed and the cause remanded to the circuit court of De Kalb County for a new trial. Inasmuch as the same proof may not obtain at a new trial, the errors which go to the sufficiency of the evidence presented will not be considered in this opinion.

*Reversed and remanded.*