(No. 35859.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BIRDETTE, Plaintiff in Error.

*Opinion filed September 22, 1961.*

James P. Daley, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John F. Gallagher, and Leo F. Poch, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, William Birdette, was tried by jury in the criminal court of Cook County and convicted of the crime of armed robbery. He obtained a transcript of the proceedings at his trial under the provisions of Rule 65—1, we appointed counsel for him and the case is now before us on a writ of error to review the judgment of conviction.

The principal contention advanced by counsel for the defendant on this writ of error is that the defendant was deprived of the right to counsel of his own choice and that the attorney who represented him at his trial was incompe-

tent. The record shows that prior to the present trial the defendant was convicted under the same indictment. At that trial he was represented by an attorney from the Chicago Bar Association who had been appointed by the court. The trial judge granted a new trial and granted the Bar Association attorney leave to withdraw. On the court's own motion the public defender was appointed to represent the defendant. Almost a year later the case came on for the second trial. The defendant told the court that he had learned only the night before that he had a lawyer and told the court that no one had talked to him about the defense of his case and stated that he wanted the court to appoint a Bar Association lawyer to represent him. The court stated that he did not wish to discuss the matter at the present time and directed the clerk to call twelve jurors to the box. The jurors were called and were sworn to answer questions on the *voir dire*. These jurors were then excused for lunch and a discussion ensued between the court, the assistant State's Attorney, the public defender and the defendant. The court informed the defendant that the Bar Association was refusing to provide lawyers for the defense of indigent defendants. The assistant public defender who was appearing for the defendant told the court that it was true that he had not been over to the jail to talk to the defendant but that he had discussed the case with another assistant public defender and that he had a transcript of the evidence at the former trial. The court stated that the only action which would be taken in the case on that day would be the picking of the jury and the case would then be continued until the following day at which time the State would put on its evidence. The court told the defendant that this was a four-months case but if the defendant wanted a continuance the court would be glad to give him one. The defendant told the court that all he wanted was a lawyer of his own choice from the Bar Association since the public defender was not doing anything for him. The court, the assistant

State's Attorney, and the assistant public defender repeatedly asked defendant whether he wanted a continuance to obtain another lawyer and the defendant repeatedly stated that he did not want any continuance to "be on him" and that all he wanted was a lawyer that he could talk to and that he would have some confidence in. The court asked the defendant whether he wanted to go to trial without a lawyer and defendant told the court that he would like to have a competent lawyer and that he did not feel qualified to go to trial without a lawyer. The court finally stated that he would not appoint another lawyer but that he would grant the defendant a continuance if the defendant requested it. The defendant stood mute and the court announced that the case would proceed to trial.

The case then went to trial with the defendant represented by the assistant public defender. The victim of the armed robbery identified the defendant as the robber and testified that the robbery had occurred at fifteen minutes to five. Two defense witnesses, both of whom had been returned from the penitentiary to testify, testified that the defendant was in a hospital visiting a patient until after 5 :oo o'clock on the day in question. On cross-examination of one of these witnesses the assistant State's Attorney asked him what he was now in the penitentiary for and the witness replied that he was there because of a conviction for burglary and narcotics. He was then asked whether he had been in the penitentiary on other occasions and he admitted that he had been there because of an attempted burglary and a robbery. He was then asked whether he served one year in the county jail for malicious mischief and the witness admitted that he had. Defense counsel did not object to any of these questions. The other witness admitted on cross-examination that he was confined under a conviction for robbery and burglary. He was then asked whether he had been in the house of correction one year for petty larceny, whether he served six months for possession

of narcotics under a municipal court sentence, and whether he was given six months supervision on a disorderly conduct charge. The witness admitted that he had served all of these sentences. No objection was interposed by defense counsel to any of these questions.

A witness other than a defendant may be cross-examined as to his conviction of infamous crimes and it is not necessary to introduce the record of a prior conviction. (*People* v. *Moses,* 11 Ill.2d 84.) However, the only convictions which may be brought out upon such cross-examination are convictions of infamous crimes. (*People* v. *Kirkpatrick,* 413 Ill. 595.) It is, therefore, apparent that the prosecutor had no right to inquire upon cross-examination of the defense witnesses as to whether they had been convicted of malicious mischief, petty larceny, possession of narcotics, or disorderly conduct. Ordinarily, the failure of defense counsel to object to such cross-examination would amount to a waiver. However, in the present case, the defendant insisted at the time of his trial that his appointed counsel was not qualified to properly represent him and the same contention is advanced here. Under such circumstances the error will be considered by this court. (*People v. Oden,* 20 Ill.2d 470.) The error can not be regarded as harmless, for the testimony of the two witnesses established an alibi for defendant and the credibility of these witnesses was, therefore, of great importance.

The final argument of the prosecutor and an instruction given by the court served to emphasize the error in bringing out the witnesses' convictions of misdemeanors. The court instructed the jury that the conviction of *any* crime might be shown for the purpose of affecting the witnesses' credibility, and the prosecutor in arguing that the alibi witnesses' testimony should not be believed reminded the jury that they had heard evidence of the records of these witnesses.

When it is considered that the public defender was appointed for the defendant almost a year before his trial,

that the assistant public defender who appeared for him admitted that he had never talked to the defendant, that the defendant earnestly protested that he lacked confidence in the ability of the assistant public defender to properly represent him, and that the assistant public defender failed to object to any of the cross-examination pertaining to the conviction of misdemeanors, we are of the opinion that the defendant did not receive the fair and impartial trial to which he was entitled under the constitution of the State of Illinois and the United States constitution.

The judgment of the criminal court of Cook County is, therefore, reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*