(No. 36757.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL JOSEPH SQUIRES, Plaintiff in Error.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

ROGER B. GOMIEN, of Dixon, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES E. BALES, State's Attorney, of Dixon, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Russell Joseph Squires, was convicted by a jury in the circuit court of Lee County of the crimes of burglary and of larceny. He was sentenced to serve not less than 36 nor more than 37 years for burglary and not less than 9 years nor more than 10 years for larceny, the sentences to run consecutively and not concurrently.

On January 1, 1961, the Dixon One Stop Store in Dixon, Illinois, was broken into and merchandise consisting

of guns, electrical equipment and other items valued at more than $1800 were taken. The defendant, aged 34, together with Gordon Grigsby and Andrew Wloch, 17 and 18 years of age, respectively, were indicted. The younger men pleaded guilty and were each given probation.

Grigsby and Wloch testified that they were picked up by Squires while they were hitch hiking back to Chicago. They went to Dixon where Squires broke into the store by means of a crowbar. He gave Grigsby the keys to the car in which they had been riding and Grigsby backed the car to the door for loading. The merchandise was then handed to the younger men by Squires and they put it into the trunk and back seat of the car. Squires then drove them to Freeport and gave them a quantity of change with which Grigsby purchased bus tickets. The three of them went to an ice skating rink while waiting for the bus. They drove back near the bus station where the defendant and Grigsby got out leaving Wloch in the car. Wloch ran toward the bus station when he saw the bus drive up and was apprehended. He saw that the other two men were in custody. When Grigsby and Squires were asked where they got the silver with which to buy tickets, Grigsby testified, "We told them we were playing poker at his mother's house." The two were then taken to the police station where they repeated the story and added that they did not know the other boy (meaning Wloch). Wloch was quoted as saying that he knew Grigsby and was acquainted with Squires. The police checked the poker story and found it to be untrue, whereupon Grigsby gave the foregoing version of events. Wloch's testimony was similar except for a discrepancy in time.

Defendant first argues that guilt was not proved beyond a reasonable doubt because the case against him was based primarily upon the testimony of two accomplices. There was corroboration in that the stolen goods were found in the automobile pointed out by Grigsby as the one they had

used. Two police officers testified that defendant admitted the burglary and told a story similar to that of the other two. The defendant testified in his own behalf. He denied participation, denied that he made any admission and denied that he was even in Dixon that evening. His story was implausible and the jury apparently did not believe it.

It is contended that Grigsby's admissions were not admissible because there was no proof that they were made in defendant's presence. The use by Grigsby of the words "us" and "we" could only refer to him and Squires, and the phrase "his mother's house" clearly meant the house of Squires's mother. By reading the whole context of his statement we think it evident that Squires was present when the statements were made and this point is not well taken.

During the course of defendant's cross-examination the court permitted introduction into evidence of authenticated copies of previous convictions in Winnebago County for the purpose of impeaching defendant's credibility. The 1946 record contained a copy of an indictment for burglary and larceny only, although the back of the indictment and the caption showed that the indictment was also for larceny of a motor vehicle and violation of the Habitual Criminal Act. The defendant was convicted on his plea of guilty of burglary on the first count and counts 2, 3, 4 and 5 were *nolle prossed.* The 1951 record did not include a copy of the indictment although the caption showed that defendant was indicted for burglary, as an habitual criminal and for grand larceny. He was convicted of burglary under that indictment upon his plea of guilty to the first count.

It is argued that it was improper to cross-examine the defendant about former convictions under the authority of *People* v. *Flynn,* 8 Ill.2d 116, and *People* v. *Kosearas,* 408 Ill. 179. As was noted in *People* v. *Neukom,* 16 Ill.2d 340, such cross-examination is improper, except where, as here, an authenticated copy of the record was admitted. As a further test of his credibility defendant was asked in con-

nection with the two records of his convictions, if he remembered being indicted and found guilty of burglary in each instance. He refused to answer and was not cross-examined further.

It is also contended that the impeachment was improper because reference was made to charges of offenses other than those for which defendant was convicted. The record of the 1946 conviction showed upon its face that the other counts of the indictment had been *nolle prossed,* and the 1951 conviction did not contain a copy of the indictment. We do not believe the failure to delete in such a case was prejudicial, but in any event no specific objection was made.

Defendant complains of an instruction given. Since the record does not disclose who tendered the instruction, his claim of error will not be considered. We have repeatedly held "that all instructions must be abstracted and the party tendering them identified before they are available for review." *People* v. *Woodruff,* 9 Ill.2d 429, 440.

Defendant finally contends that any alleged error in this record is subject to review because his court-appointed counsel was incompetent, even though no objection was made in the trial court. The mere charge of incompetency is not enough. We have examined the whole record on review and in our opinion the representation of this defendant cannot be categorized as incompetent.

The defendant was charged with both burglary and larceny in a two-count indictment. The larceny charge was the taking of the same merchandise as that taken from the burglarized store. The court imposed sentences on each count, to run consecutively. That the larceny sentence was erroneous is conceded by the People, and it must be reversed. See *People* v. *Schlinger,* 13 Ill.2d 63.

The judgment of the circuit court of Lee County is affirmed as to the burglary count, and is reversed as to the count charging larceny.

*Affirmed in part, and reversed in part.*