THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY KELLAS, Defendant-Appellant.

First District (3rd Division)    No. 78-570

Opinion filed May 2, 1979.

Ralph Ruebner, Daniel Cummings, and Randy K. Johnson, all of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and Bruce Brandwein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Gary Kellas was charged with murder and conspiracy to murder David Wright, and with aggravated battery and attempted murder of Anthony Hernandez. He was found guilty of all charges in a bench trial and sentenced to 25-75 years for murder, 5-15 years for conspiracy to murder and 10-30 years for attempted murder. He was not sentenced on the aggravated battery conviction. The defendant contends that he was denied a fair trial by not being allowed to cross-examine a witness about a criminal charge pending against the witness. He also claims that the trial judge erred in convicting him of the conspiracy to murder and aggravated battery charges. We reverse and remand for a new trial on all charges.

Initially, the defendant argues that he was denied a fair trial by not being allowed to cross-examine an important witness, Anthony Hernandez, about a criminal charge pending against the witness. During the cross-examination, defense counsel attempted to ask the following question: "Mr. Hernandez, do you have a case pending for the delivery * * *?" A prosecution objection, interrupting the question, was made at that point and sustained after a sidebar colloquy.

Defense counsel was attempting to question Hernandez about a pending drug charge which had taken place two years after the alleged crimes in the present case. The State argues that since the arrest of Hernandez for the drug charge took place two years *after* the crimes for which the defendant was charged, it was not related to the crime on trial and, therefore, too remote to be admitted into evidence. Also, during oral argument, the State urged that we cannot consider the trial court's ruling because no offer of proof was made.

In view of the State's argument and because the case must be retried, it behooves us to note the distinction between the forms of impeachment involving the admissibility of a conviction of a prior crime and the admissibility of a pending criminal charge as evidence of interest, bias or motive.

## Impeachment Involving The Admissibility Of A
## Conviction Of A Prior Crime

■■■ A witness, including a defendant who testifies, may be impeached by attacking his character and thus his credibility by proof of conviction of a prior crime.[1] For this form of impeachment, *only* a conviction may be proved; proof of arrests, indictments, and charges or actual commission of crimes are not admissible. *People v. Mason* (1963), 28 Ill. 2d 396, 400, 192 N.E.2d 835, 837.

■■■ The types of prior convictions which may be used for this form of impeachment are: (1) crimes punishable by death or imprisonment in excess of one year,[2] and (2) crimes involving dishonesty or false statement regardless of the punishment. In either case, the prior conviction is inadmissible if the judge determines that the danger of unfair prejudice substantially outweighs the probative value of the prior conviction. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516-19, 268 N.E.2d 695, 698-99; *People v. Ramey* (1979), 70 Ill. App. 3d 327, 332, 388 N.E.2d 196, 199.) Factors to be considered by the judge in making the determination include: the nature of the prior crime; the extent of defendant's criminal record; the age of the defendant; the likelihood that defendant will not testify if the motion *in limine* is denied; the nearness or remoteness of the prior convictions; the subsequent activities of the defendant; and the similarity of the prior crimes to those for which defendant is on trial.[3] (*Ramey*, 70 Ill. App. 3d 327, 332, 388 N.E.2d 196, 199.) Evidence of a conviction is inadmissible if a period of time of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date. (*Montgomery*, 47 Ill. 2d 510, 516-19, 268 N.E.2d 695, 698-700.) The old rule that the prior crime must be infamous before it is admissible into evidence, however, is no longer applicable. *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 588-89, 363 N.E.2d 805, 807.[4]

■■ If the prior conviction is punishable by death or imprisonment in excess of one year, the trial judge must only determine whether the danger of unfair prejudice substantially outweighs the probative value of

---

[1] The prior conviction, however, is inadmissible if based on a plea of *nolo contendere*. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698, 700.)

[2] If the prior conviction is *punishable* by imprisonment in excess of one year, then it is admissible under this rule even though the punishment actually imposed is for a lesser period. (*People v. Grover* (1st Dist., No. 77-1850, April 26, 1979), 71 Ill. App. 3d 570, 575, 389 N.E.2d 1279, 1283.)

[3] The fact that a conviction is on appeal is not a factor that affects the admissibility of the conviction; but it may be established that the appeal is pending. (*People v. Bey* (1969), 42 Ill. 2d 139, 146, 246 N.E.2d 287, 291; *Montgomery*, 47 Ill. 2d 510, 517, 519, 268 N.E.2d 695, 699, 700.)

[4] Although *Knowles* is a civil case, the court specifically held that for purposes of impeachment by proving a prior conviction, the rules as to admissibility of the conviction are the same for criminal and civil cases. (*Knowles*, 66 Ill. 2d 585, 589, 363 N.E.2d 805, 808.)

admitting the prior conviction into evidence;[5] but if the prior conviction is for a lesser punishment, then the trial judge must also determine whether the prior conviction involved dishonesty or false statement. (*Montgomery*, 47 Ill. 2d 510, 516-19, 268 N.E.2d 695, 698-700; *Ramey*, 70 Ill. App. 3d 327, 334, 388 N.E.2d 196, 200.) Only the conviction itself may be used to determine whether the prior conviction involved dishonesty or false statement; the facts surrounding the witness' prior conviction are not considered for this purpose. *Knowles*, 66 Ill. 2d 585, 590-91, 363 N.E.2d 805, 808.

Presently, the appellate reviewing courts in Illinois disagree as to which crimes involve dishonesty or false statement. The differing views are fully discussed in *People v. Malone* (1978), 67 Ill. App. 3d 150, 153-55, 385 N.E.2d 12, 15-16, *appeal allowed* (1979), 75 Ill. 2d 588. In *Malone*, the court held that misdemeanor theft convictions are not admissible under this rule because they do not involve dishonesty or false statement.[6] The only supreme court case that has already been decided on this subject is *Knowles*, where the court held that criminal trespass to vehicles is not a crime involving dishonesty or false statement and is, therefore, not admissible to impeach a witness.

■■■ The proper method for admitting a prior conviction into evidence depends upon whether the witness is the defendant. As to a witness other than the defendant, proof of a prior conviction may be established by cross-examining the witness without the introduction of the record of conviction itself into evidence. (*People v. Birdette* (1961), 22 Ill. 2d 577, 581, 177 N.E.2d 170, 172; *People v. Baker* (1956), 8 Ill. 2d 522, 525-26, 134 N.E.2d 786, 788; *People v. Smith* (1965), 63 Ill. App. 2d 369, 380-81, 211 N.E.2d 456, 461.) The procedure differs, however, if the witness is the defendant. (*Baker*, 8 Ill. 2d 522, 525, 134 N.E.2d 786, 788.) Courts have held that a defendant who testifies in his own behalf may be impeached by a prior conviction *only* by the record of the conviction or an authenticated copy thereof. (*People v. Flynn* (1956), 8 Ill. 2d 116, 121, 133 N.E.2d 257, 259; *People v. Kosearas* (1951), 408 Ill. 179, 180, 96 N.E.2d 539, 540; *People v. Preston* (1978), 61 Ill. App. 3d 434, 438, 378 N.E.2d 372, 376; *People v. Ring* (1967), 89 Ill. App. 2d 161, 165-67, 232 N.E.2d 23, 25.) Not even the mittimus of a prior conviction is admissible to impeach a defendant. *People v. Jones* (1975), 28 Ill. App. 3d 896, 900-01, 329 N.E.2d 855, 859.

Cross-examination of the defendant as to a prior conviction has thus

---

[5] See *People v. Wright* (1977), 51 Ill. App. 3d 461, 462-65, 366 N.E.2d 1058, 1060-63. There the court held that the trial court abused its discretion in admitting two prior felony convictions into evidence because the danger of unfair prejudice substantially outweighed their probative value.

[6] Accord, *People v. Vaughn* (1978), 56 Ill. App. 3d 700, 371 N.E.2d 1248. *Contra, People v. Rudolph* (1977), 50 Ill. App. 3d 559, 365 N.E.2d 930; *People v. Thomas* (1978), 58 Ill. App. 3d 402, 374 N.E.2d 743; *People v. Ray* (1976), 36 Ill. App. 3d 283, 343 N.E.2d 560.

been held to be reversible error in cases where the record or an authenticated copy of the conviction was not introduced into evidence. (*Flynn*, 8 Ill. 2d 116, 121, 133 N.E.2d 257, 259; *Kosearas*, 408 Ill. 179, 182, 96 N.E.2d 539, 540; *Ring*, 89 Ill. App. 2d 161, 167, 232 N.E.2d 23, 26.)[7] In *Flynn*, where the prosecutor asked the defendant during cross-examination if he had ever been convicted of a felony, the supreme court reversed the conviction and held (8 Ill. 2d 116, 120-21, 133 N.E.2d 257, 259):

> "*This court has repeatedly held that it is improper to cross-examine a defendant as to his conviction of a crime.* [Citations.] In *People v. Kosearas* * * * the court stated: '* * * [T]here is no question more damaging to a defendant with a jury than one which suggests or intimates that he is a criminal or has been charged with criminal offenses. Such damage is magnified twofold when it is elicited from a defendant on cross-examination and he is compelled to testify against himself.' Defendant's conviction of a prior felony may be shown to affect his credibility by offering the record of his conviction, or an authenticated copy thereof, in evidence [citation] *and not otherwise.*" (Emphasis added.)

██ It is also improper to cross-examine the defendant as to a prior conviction even though the record or an authenticated copy is introduced into evidence. (*People v. Madison* (1974), 56 Ill. 2d 476, 488, 309 N.E.2d 11, 17-18; *People v. McCrimmon* (1967), 37 Ill. 2d 40, 45, 224 N.E.2d 822, 825.) In *McCrimmon*, the court stated that a procedure which permits the impeaching material to be presented against a defendant twice and in two forms, *viz.*, by the record and by cross-examination, is not approved.[8] The court reaffirmed that principle in *Madison*, but it held that even though cross-examination of a defendant as to a prior conviction is improper, reversal is not required unless the error has deprived the

---

[7] In *People v. Cassman* (1973), 10 Ill. App. 3d 301, 293 N.E.2d 710, no objection to the cross-examination of the defendant as to his prior conviction was made; and the defendant did not raise the issue in his motion for a new trial. Nonetheless, the appellate court reversed the conviction on the basis that the error is of such magnitude that it constitutes plain error.

[8] In *People v. Neukom* (1959), 16 Ill. 2d 340, 158 N.E.2d 53, and *People v. Squires* (1963), 27 Ill. 2d 518, 190 N.E.2d 361, the court held that if an authenticated copy of the record of prior conviction was admitted into evidence, the defendant could then be cross-examined about the former conviction. *Neukom* and *Squires* were cited with approval in *People v. Harris* (1967), 38 Ill. 2d 552, 558-59, 232 N.E.2d 721, 725; *Neukom* and *Squires* were also followed in *People v. Smith* (1965), 63 Ill. App. 2d 369, 381, 211 N.E.2d 456, 461, and other appellate court cases. However, in *People v. Madison* (1974), 56 Ill. 2d 476, 488, 309 N.E.2d 11, 17-18, the supreme court reaffirmed the principle of *McCrimmon* that a procedure which permits the impeaching material to be presented against the defendant twice, by the record and by cross-examination, is not approved; and the court further held that "language which might be construed to the contrary in *People v. Neukom*, 16 Ill. 2d 340, 348, is to be given no effect." The cases relying upon *Neukom*, therefore, must be read in light of *Madison*.

defendant of substantial justice or influenced the determination of his guilt.[9]

Since it is improper to cross-examine the defendant as to a prior conviction, the proper way for the State to introduce a prior conviction is by offering the record or an authenticated copy into evidence when the State is putting in rebuttal evidence. See *People v. Natoli* (1979), 70 Ill. App. 3d 131, 135, 387 N.E.2d 1096, 1099.

■■ The rule that it is improper to cross-examine the defendant as to prior convictions does not apply, of course, if the defendant opens the door to the convictions on direct examination. (*People v. Bey* (1969), 42 Ill. 2d 139, 147, 246 N.E.2d 287, 292; *People v. Nastasio* (1963), 30 Ill. 2d 51, 58, 195 N.E.2d 144, 148.) Furthermore, if the defendant testifies as to prior convictions and states that he has never been convicted of any crime other than those mentioned, he may then be cross-examined regarding any other convictions regardless of whether they would have otherwise been admissible.[10] See *People v. Nastasio*, (1963), 30 Ill. 2d 51, 58, 195 N.E.2d 144, 148; *People v. Brown* (1978), 61 Ill. App. 3d 180, 184, 377 N.E.2d 1201, 1203-04.

### Impeachment Involving The Showing
### Of Interest, Bias Or Motive

Showing interest, bias or motive on the part of a witness is also an accepted method of impeachment. The fact that a witness has been arrested or charged with a crime may be shown or inquired into when it would reasonably tend to show that his testimony might be influenced by interest, bias or motive. (*People v. Barr* (1972), 51 Ill. 2d 50, 51, 280 N.E.2d 708, 710.) This type of impeachment is distinguished from impeachment by proof of conviction of a prior crime. *People v. Mason* (1963), 28 Ill. 2d 396, 400, 192 N.E.2d 835, 837; *People v. Baptiste* (1976), 37 Ill. App. 3d 808, 811-12, 347 N.E.2d 92, 94.

Impeachment involving bias was a key issue in *Alford v. United States* (1931), 282 U.S. 687, 75 L. Ed. 624, 51 S. Ct. 218. There the court held that a government witness might properly be asked on cross-examination, "Where do you live?" even though the purpose of the inquiry was to bring out that he was in court in custody of Federal authorities. The question was held to be proper as bearing on whether his testimony was biased because possibly given under a promise or

[9] In *Madison*, 56 Ill. 2d 476, 487-89, 309 N.E.2d 11, 17-18, the prosecutor elicited from the defendant on cross-examination that he pleaded guilty to armed robbery 5½ years prior to the trial; the prosecutor subsequently put into evidence an authenticated copy of the conviction. The supreme court held that the question propounded on cross-examination pertaining to the prior conviction was improper but not reversible error, since the record on appeal clearly established the defendant's guilt.

[10] Similarly, where a defendant on direct examination affirmatively states that he has never been arrested, he may then be cross-examined regarding any other prior arrests. (*People v. Brown* (1978), 61 Ill. App. 3d 180, 184, 377 N.E.2d 1201, 1203.)

expectation of immunity or under the coercive effect of his detention by such authorities. Specifically, the court stated (282 U.S. 687, 693, 75 L. Ed. 624, 628, 51 S. Ct. 218, 220)[11]:

> "The purpose obviously was not, as the trial court seemed to think, to discredit the witness by showing that he was charged with crime, but to show by such facts as proper cross-examination might develop, that his testimony was biased because given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States, which was conducting the present prosecution."

■■ In this type of impeachment, it is not material whether the case pending against the witness involves the same transaction for which the defendant is on trial; an unrelated pending charge is a proper subject for cross-examination. In this regard, in *People v. Mason* (1963), 28 Ill. 2d 396, 401-02, 192 N.E.2d 835, 838, the Illinois Supreme Court quoted *Alford*:

> "Nor is it material * * * whether the witness was in custody because of his participation in the transactions for which petitioner was indicted. *Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross-examination that his testimony was affected by fear or favor growing out of his detention.*" (Emphasis added.)

■■ Moreover, the admissibility of this type of impeachment is not dependent on whether the examining counsel can prove before hand that any promises of leniency or special favors had in fact been made to the witness. (*Baptiste*, 37 Ill. App. 3d 808, 812, 347 N.E.2d 92, 95; *Alford*, 282 U.S. 687, 693, 75 L. Ed. 624, 628, 51 S. Ct. 218, 220.) The court in *Baptiste* stated (37 Ill. App. 3d 808, 811-12, 347 N.E.2d 92, 94-95):

> "The * * * key prosecution witnesses were on probation at the time of trial *and might, therefore, be vulnerable to pressure, either real or imagined,* from the authorities in connection with continuing the probationary status.
>
> * * *
>
> *That defense counsel could not show beforehand that any promises of leniency had been made, was not an adequate reason for denying counsel the right to ask questions concerning the pending charges.*" (Emphasis added.)

■■ Furthermore, cross-examination for the purpose of this type of

---

[11] The United States Supreme Court has made it clear that its holding in *Alford*, with respect to the defendant's right to cross-examine a witness about a pending charge against him to show the existence of possible bias, is applicable to both Federal and State cases. (See, *e.g., Davis v. Alaska* (1974), 415 U.S. 308, 318 n. 6, 39 L. Ed. 2d 347, 354 n. 6, 94 S. Ct. 1105, 1111 n. 6; *Smith v. Illinois* (1968), 390 U.S. 129, 133, 19 L. Ed. 2d 956, 960, 88 S. Ct. 748, 749, 750.) *Davis* and *Smith* involved State court convictions which were reversed by the United States Supreme Court.

impeachment *is a matter of right.*[12] (*Alford*, 282 U.S. 687, 691, 75 L. Ed. 624, 625, 51 S. Ct. 218, 219.) This right to cross-examine a witness about a pending charge against him to show bias cannot be defeated merely because there is other evidence that the witness is biased; nor can it be defeated by a claim of lack of prejudice. *Davis v. Alaska* (1974), 415 U.S. 308, 317-18, 39 L. Ed. 2d 347, 354-55, 94 S. Ct. 1105, 1111.

■■ ■ Bearing in mind the distinction between impeachment by proof of conviction of a prior crime and impeachment by showing interest, bias or motive, it is clear that, in the present case, the trial judge erred in precluding defense counsel from cross-examining Hernandez regarding the pending drug charge. The defendant had a *right* to cross-examine Hernandez about the pending charge for the purpose of showing interest, bias or motive, *i.e.*, he might be vulnerable to pressure, *either real or imagined,* from the authorities in connection with the pending charge. (See *Baptiste*, 37 Ill. App. 3d 808, 811, 347 N.E.2d 92, 94.) The evidence was admissible to afford a basis for an *inference* of undue pressure, interest, bias or motive because of Hernandez' vulnerable status regarding the pending criminal charge against him. (See *Davis*, 415 U.S. 308, 317-18, 39 L. Ed. 2d 347, 354, 94 S. Ct. 1105, 1111.) Plainly, the State's argument that the pending charge against Hernandez was too remote and unrelated to the crime charged against the defendant has no bearing on impeachment for the purpose of showing interest, bias or motive.

■■ The State's argument that the error relating to the cross-examination of Hernandez cannot be considered on appeal because no offer of proof was made is also unavailing. The cross-examination of a witness is necessarily exploratory and the attorney often cannot know in advance what facts may be elicited on cross-examination. (*Alford*, 282 U.S. 687, 692, 693, 75 L. Ed. 625, 628, 51 S. Ct. 218, 219.) As a result, an offer of proof is not required when a witness is being cross-examined and the cross-examination is erroneously proscribed. (See *Clark v. Continental Illinois National Bank & Trust Co.* (1966), 68 Ill. App. 2d 16, 215 N.E.2d 816, (abstract), at page 11 of slip opinion.) Further, to say that prejudice can be established only by showing that the cross-examination, *if pursued,* would *necessarily* have brought out facts tending to discredit the witness' testimony would be a denial of one's *right* to effective cross-examination. (*Alford*, 282 U.S. 687, 692-93, 75 L. Ed. 625, 628, 51 S. Ct. 218, 219-20, cited in *Baptiste*, 37 Ill. App. 3d 808, 812-13, 347 N.E.2d 92, 95.) Since a denial of this right would be constitutional error of the first magnitude, no amount of showing of want of prejudice would cure it.

---

[12] The right of cross-examination, of course, is subject always to the broad discretion of the trial judge to preclude repetitive and unduly harassing interrogation. (*Davis*, 415 U.S. 308, 316, 39 L. Ed. 2d 347, 353, 94 S. Ct. 1105, 1110.) Likewise, the scope of cross-examination is generally within the trial court's discretion. (*Mason*, 28 Ill. 2d 396, 403, 192 N.E.2d 835, 838; *Barr*, 51 Ill. 2d 50, 51-52, 280 N.E.2d 708, 710.)

(See *Davis*, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 355, 94 S. Ct. 1105, 1111.) We have, therefore, considered the error of the trial judge in erroneously proscribing the cross-examination of Hernandez although no offer of proof was made.

The error of the trial judge cut off all inquiry on a subject the defense had a right to elicit on cross-examination. This was prejudicial error. (*Baptiste*, 37 Ill. App. 3d 808, 811, 347 N.E.2d 92, 94; *Alford*, 282 U.S. 687, 693, 75 L. Ed. 625, 628, 51 S. Ct. 218, 220.) Accordingly, the defendant's convictions must be reversed and the case remanded for a new trial.

■■ Since the case is being remanded for a new trial, we consider two other contentions raised on appeal to prevent the repetition of avoidable errors. The first contention is that the trial judge erred in convicting the defendant of conspiracy to murder since he was also convicted of the murder charge and both crimes arose from the same criminal conduct. The principle urged by the defendant is correct. Conspiracy is an inchoate offense (*People v. Miller* (1966), 74 Ill. App. 2d 356, 359, 220 N.E.2d 1, 3) and the law prohibits conviction of both the inchoate and principal offense. (Ill. Rev. Stat. 1977, ch. 38, par. 8—5.) The trial court, therefore, erred in convicting the defendant of both conspiracy to murder and murder for the same conduct.

■■ The remaining contention is that the trial judge erred in convicting the defendant of both aggravated battery and attempted murder of Anthony Hernandez because the convictions were based on the same act. The principle advanced by the defendant is correct since a single criminal act will not support convictions for both aggravated battery and attempted murder. (*People v. Smith* (1978), 59 Ill. App. 3d 480, 493, 375 N.E.2d 941, 951.) The law is clear that there can be but one conviction where the crimes charged are founded on a single act of the defendant. *People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1, 2.

The trial judge was not unaware of this principle and, therefore, he did not sentence the defendant for aggravated battery, albeit he entered a judgment of guilty on the charge. A similar procedure was followed by the trial court in *Lilly*, 56 Ill. 2d 493, 496-97, 309 N.E.2d 1, 2-3, and the supreme court vacated the judgment of conviction on the lesser crime; the judgment of conviction on the greater crime was affirmed.

■■ The State contends, however, that because no sentence was imposed on the aggravated battery charge there is no final judgment from which the defendant can appeal the conviction. It is true, as the State asserts, that the final judgment in a case is a sentence. (*People v. Rose* (1969), 43 Ill. 2d 273, 278, 253 N.E.2d 456, 460; Ill. Rev. Stat. 1977, ch. 38, par. 102—14.) It is also true in the absence of the imposition of sentence an appeal cannot be entertained. (*People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54, 56, 268 N.E.2d 376, 377.) However, this case is properly before us on appeal with regard to the defendant's other convictions. We, therefore, have

authority under Supreme Court Rule 366 to review the aggravated battery conviction, reverse the incomplete judgment entered on the aggravated battery charge and remand the entire case for a new trial. See *Lilly*, 56 Ill. 2d 493, 496, 309 N.E.2d 1, 2-3.

Accordingly, the judgments of conviction and the incomplete judgment of conviction for aggravated battery are reversed and the case is remanded for a new trial on all charges.

Reversed and remanded for a new trial.

McNAMARA and McGILLICUDDY, JJ., concur.