THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VEITRICE THOMPSON, Defendant-Appellant.

First District (3rd Division)    No. 78-1074

Opinion filed June 27, 1979.—Supplemental opinion filed on denial of rehearing
September 12, 1979.

Ralph Ruebner and Randy K. Johnson, both of State Appellate Defender's Office, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Dale F. Weigand, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant, Veitrice Thompson, was convicted of felony theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(b)(1)) in a jury trial. She was sentenced to 5 years probation and ordered to make monetary restitution. The decisive issue is whether she was denied a fair trial by not being allowed to cross-examine an important witness as to his alleged interest, bias or motive. We reverse and remand for a new trial.

Defendant was employed by Walton Realty as a clerk in the office of the Townhouse Apartments. Her duties included collecting rents, recording rent receipts and maintaining certain office records. In July, 1977, there was a shortage of $4,100 from the rent collections. The shortage occurred in conjunction with the office receiving seven rent payments without receipts being issued; duplicate entries were made on rent cards maintained in the office. Although rent payments were ordinarily given to the clerk, if no clerk was on duty when a tenant wished to make a payment, the payment was pushed through a window space and it would fall onto the floor in the office. Also, a tenant could give his payment to a security officer who would then put it into an open check-box in the office.

Raymond H. Stender, president of Walton Realty, and James Maxwell, manager of the Townhouse Apartments, testified that the duplicate entries on the rent cards were in the handwriting of the defendant. A police department expert, however, testified that he could not form an opinion as to whether the duplicate entries were in the defendant's handwriting. Defendant testified that none of the duplicate entries were in her handwriting. She also testified that James Maxwell, her relief girl, and the security guard had access to all the records and understood the office procedures for receiving and recording rent payments.

In addition, defendant testified that she had given assistance to a tenants' grievance committee by giving it information so that it could "get up a program." As a result, she had a confrontation with Maxwell, who told her that it was not loyal for an employee to assist the grievance committee. At a subsequent meeting with Maxwell and Stender, she was told that anyone disloyal to the company would be discharged. Immediately after the discrepancies in the records became apparent, defendant was asked to move from her apartment in the Townhouse Apartments.

Stender was the complaining witness in connection with the criminal proceedings brought against the defendant. During the cross-examination of Stender, defense counsel asked whether "In connection with the shortage * * * the company suffered, have you recouped those losses * * *." Stender replied, "Partially." The State objected to the question as

being immaterial and irrelevant. Defense counsel then made an offer of proof, indicating he was attempting to show Stender's interest in the outcome of the case and that instituting criminal proceedings was a precondition to Stender's filing of an insurance claim to recover the loss. The court sustained the State's objection to the offered evidence.

Defendant contends that as a result of the trial court's ruling, she was denied her constitutional right to confront witnesses against her.[1] Although the defendant bases her argument on the confrontation clause of the Constitution, we see no need to delve into constitutional principles in deciding this case. Plainly, the issue can be disposed on evidentiary principles of impeachment and we, therefore, decide it on that basis.

■■ Showing interest, bias or motive on the part of a witness is an accepted method of impeachment. Cross-examination for this type of impeachment is a matter of right, subject to the broad discretion of the trial court to preclude repetitive or undue harassing interrogation and, assuming a proper subject matter, to control the extent of the cross-examination. (*People v. Kellas*, 72 Ill. App. 3d 445, 452, 389 N.E.2d 1382, 1389 (1979).) This case, however, does not involve repetitive or undue harassing interrogation, nor does it involve the allowable extent of the defendant's cross-examination on a proper subject matter. (See *Smith v. Illinois*, 390 U.S. 129, 133, 19 L. Ed. 2d 956, 960, 88 S. Ct. 748, 750 (1968).) Rather, this case involves a question of whether the subject matter itself was a proper subject for cross-examination because, according to the defendant, it tends to show the interest, bias or motive of the witness.

■■ It was defendant's theory that Stender's testimony on direct examination was biased and motivated by the fact that he could not file an insurance claim to recover the loss unless criminal proceedings were brought; and that the defendant was a likely prospect against whom he would make a criminal complaint for the loss, regardless of her innocence, since she was active in the tenants' grievance committee to "get up a program" and she appeared to be a disloyal employee. We cannot speculate whether the jury would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the subject matter was a proper subject for cross-examination because, if the defendant's theory would have been accepted by the jury, it would tend to show the interest, bias or motive of the witness. It seems clear to us that defense counsel should have been permitted to expose to the jury the alleged facts, and the jurors, as the sole triers of fact and credibility, could have appropriately drawn inferences relating to the reliability of the witness.

---

[1] U.S. Const. amend. VI; Ill. Const. 1970, art. I, §8. A primary interest secured by the confrontation clause in the Constitution is the right of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315, 39 L. Ed. 2d 347, 353, 94 S. Ct. 1105, 1110 (1974).

The State contends that there was no abuse of discretion by the trial court and, therefore, no error was committed. The argument is unavailing because it is based on the faulty assumption that the trial court had discretionary power to deny the defendant the right to cross-examine the witness to show interest, bias or motive. A trial court cannot preclude the defendant from showing the interest, bias or motive of a witness, and if it does so by its ruling, it cannot be sustained on the basis of an argument that the ruling was within the trial court's discretion. See *People v. Kellas*, 72 Ill. App. 3d 445, 389 N.E.2d 1382 (1979); *Davis v. Alaska*, 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974); *Smith v. Illinois*, 390 U.S. 129, 19 L. Ed. 2d 956, 88 S. Ct. 748 (1968).

The State next argues that the attempted cross-examination was irrelevant and immaterial. We disagree. If a witness has or may have an expectancy of a financial benefit as a result of the litigation being brought, the quality of his testimony may be affected. Under such circumstances, the witness' recollection or observance may be influenced or at least colored so that the testimony is supportive of the desired result. (*People v. Hughes*, 51 Ill. App. 3d 985, 987, 367 N.E.2d 485, 487 (1977).) Thus, the interest, bias or motive of the witness was relevant and material as going to discredit the witness and affecting the weight of his testimony. See *Davis*, 415 U.S. 308, 316, 39 L. Ed. 2d 347, 354, 94 S. Ct. 1105, 1110; 3A J. H. Wigmore, Evidence §940, at 775 (Chadbourn rev. 1970).

■■ Finally, the State argues that there was other evidence introduced by the defense that demonstrated Stender was biased and, therefore, the defense was not prejudiced by the trial court's ruling. The contention is without merit because the right to cross-examine a witness as to his interest, bias or motive cannot be defeated merely because there is other evidence that the witness is biased; nor can it be defeated by a claim of a lack of prejudice. *Kellas*, 72 Ill. App. 3d 445, 454, 389 N.E.2d 1382, 1390; *Davis*, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 355, 94 S. Ct. 1105, 1111.

The error of the trial court cut off all inquiry on a subject the defense had a right to elicit on cross-examination. This was prejudicial error. (See *Kellas*, 72 Ill. App. 3d 445, 455, 389 N.E.2d 1382, 1391; *People v. Baptiste*, 37 Ill. App. 3d 808, 811-13, 347 N.E.2d 92, 94, 95 (1976); *Alford v. United States*, 282 U.S. 687, 694, 75 L. Ed. 624, 629, 51 S. Ct. 218, 220 (1931).) Accordingly, the defendant's conviction must be reversed and the case remanded for a new trial.

The judgment is reversed and the case is remanded for a new trial.

SIMON, P. J., and McGILLICUDDY, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant has filed a petition for rehearing requesting that we reach her argument that the evidence was insufficient to support her conviction. Shortly before the release of our opinion, the supreme court in *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375, held that once the beyond a reasonable doubt issue has been raised, it must be addressed even though the case is reversed and remanded on other grounds. In light of *Taylor*, we deem it necessary to supplement our statement of facts in considering this issue.

A shortage of $1,666.87 from the July 1, 1977, receipts and $2,411.00 from the July 2, 1977, receipts was discovered, making a total shortage of approximately $4,100 for the two days. Defendant was on duty both days. On July 2, 1977, when the shortage of $2,411 occurred, Manager James Maxwell was in Arkansas. The office was closed on July 3 and 4 for the holidays. On July 5, 1977, the Brink's messenger made a pickup of the receipts from the office safe where the receipts had been deposited by defendant.

The safe was in two sections. The front section was secured by a combination lock; the combination was known only to defendant and Maxwell. The second section could be opened by the use of two separate keys. Both defendant and Maxwell had copies of one key, and the Brink's messenger had the other key. When there was a pickup by the Brink's messenger, the receipts from the safe were removed and tallied and the amount was written on the envelope containing the receipts.

Defendant testified that on July 1, 1977, she collected $4,676.87. Only $3,010 was actually deposited on July 1, 1977; thus, a shortage of $1,666.87 existed. She also stated that she filled out deposit slips for the amount collected and made nine "drops" into the safe. She testified that one drop was in excess of $1,500 and a deposit slip was written for that amount. However, other than defendant's testimony, there is no evidence that defendant wrote this deposit slip. Moreover, the president of Walton Realty testified that his examination of various documents and records failed to disclose the "whereabouts" of the shortage.

Regarding the second shortage, defendant was the only person on duty in the office on July 2, 1977. On that date, she made one drop totalling $3,866.14. Later it was discovered that several tenants paid their rent on that day; none of these tenants received receipts, and these rent payments were not recorded on the cash sheet. A shortage of $2,411 was later detected.

From the evidence presented, we believe the jury could have properly found defendant guilty of felony theft. Therefore, we deny defendant's petition for rehearing. We emphasize, however, that we

make no finding as to defendant's guilt that would be binding on the court on retrial. Indeed, defendant is entitled to her presumption of innocence. Our consideration of the sufficiency of the evidence question comports with the supreme court's mandate in *Taylor* to protect defendant's constitutional right against double jeopardy. In accordance with our original and supplemental opinions, this case is reversed and remanded for a new trial.

Petition for rehearing is denied.

Reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.