THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN SANDERS, Defendant-Appellant.

First District (1st Division)   No. 84—210

Opinion filed March 4, 1986.—Rehearing denied May 29, 1986.

Sam Adam, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James S. Veldman, and Michael J. Clarizio, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, defendant, John Sanders, was convicted of attempt murder, aggravated battery and armed violence. (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 12—4, 33A—2, respectively.) After finding that the aggravated battery conviction merged into the attempt murder conviction, the trial court sentenced defendant to concurrent terms of 40 years for attempt murder and armed violence. On appeal, defendant contends that the trial court erred when it: (1) refused to ask individual members of the venire specific questions proposed by defendant on *voir dire*; and (2) granted the State's motions *in limine* which deprived defendant of his right to cross-examine a State's witness as to bias, interest or motive to testify falsely. For the reasons that follow, we affirm the judgment of the trial court.

The record presents the following evidence pertinent to this appeal. At trial, Willie Nix, the victim, testified that on March 23, 1980, approximately 9:30 p.m., he and three friends were walking in the area of Roosevelt and Ashland in Chicago when Eddie Fisher, an acquaintance, called Nix to join him. Nix left his friends and walked over to Fisher who was alone. Fisher shook hands with Nix and asked

if he had had a fight earlier that day with Michael Steward. Nix admitted that he and Steward had had a fist fight a few hours earlier. While Nix and Fisher were talking, five male individuals, including defendant, armed with guns, converged upon Nix from behind. Words were exchanged, and the individuals began firing at Nix, who turned and ran to a nearby service station where he collapsed and fell. The police arrived and took Nix to the hospital, where it was discovered that he had sustained 14 gunshot wounds. Additional evidence is discussed below as it relates to the issues on appeal.

■ Defendant first contends that the trial court erred in not asking the individual members of the venire during *voir dire* three supplemental questions submitted by defendant regarding the prospective jurors' attitudes toward private gun ownership. Defendant proposed that the following questions be asked by the court:

"1. Have any members of the jury joined or contributed to gun control organizations?

2. Do any members of the jury own guns or have a gun within their household?

3. Do any members of the jury feel that guns should be banned from private ownership?"

The State objected to the questions on the ground that they were not relevant to the issue before the court. Upon query by the court, defendant stated that his purpose in proposing the questions was to determine whether any of the jurors were so "incited" by the mere fact that a gun was involved that they would not be able to be fair and impartial. The court stated that defendant's proposed questions went "well beyond" the question of impartiality, and denied his request. Defendant then requested that the court ask the question in the manner the court found suitable to satisfy defendant's purpose. The court agreed to ask the venire as a whole "if there is any one person who feels that the mere fact that a gun is involved would so prejudice them that they could not render a fair trial." Defendant agreed to the substance of the question, but objected to the question being asked of the group as a whole on the ground that some people would not raise their hands because they would be intimidated in a group setting. Thus, defendant requested that the court pose the question to each member of the venire individually. The court denied defendant's request and asked the agreed-upon general question of the whole venire.

It is axiomatic that one of the safeguards of our judicial system is the right to a trial before an impartial jury (*Irvin v. Dowd* (1961), 366 U.S. 717, 721, 6 L. Ed. 2d 751, 755, 81 S. Ct. 1639, 1642), and that

the *voir dire* examination is used to effectuate this safeguard by filtering out prospective jurors who are unable or unwilling to be impartial. In this regard, trial judges are accorded broad discretion in determining *voir dire* questions and procedures. (*People v. Washington* (1982), 104 Ill. App. 3d 386, 432 N.E.2d 1020; 87 Ill. 2d R. 234.) While there is no precise formula for determining the appropriate degree of impartiality necessary, the standard for evaluating a court's exercise of discretion during the *voir dire* is whether the questions posed and the procedures employed have created reasonable assurance that prejudice would be discovered if present. *People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 458 N.E.2d 504.

In our view, the general question posed by the court regarding possible prejudice toward guns was sufficient to have created reasonable assurance that any prejudice would have been disclosed. Further, the record directly contradicts defendant's argument that the jurors would be intimidated from truthfully responding in a group setting. When the court posed the question to the group, one individual raised his hand and, as a result, was promptly dismissed. Accordingly, we conclude that the trial court did not abuse its discretion in posing the general question to the venire as a whole.

Next, defendant contends that the trial court erred in granting the State's motions *in limine* which precluded defendant from cross-examining Willie Nix concerning his arrest record as well as alleged pending charges in order to establish any bias, interest or motive Nix may have had for testifying falsely against defendant. In response, the State argues that defendant has waived the issue on appeal by his failure to file a written motion for new trial. Further, assuming, *arguendo*, that the issue has not been waived, the State argues that the court's refusal to permit cross-examination concerning Nix' arrest record and alleged pending charges did not infringe upon defendant's sixth amendment rights to confrontation.

We shall first address the State's waiver argument. It is well established that all errors are preserved for review by an oral post-trial motion unless the State timely objects and requests that the grounds for seeking post-trial relief be specified in writing. *People v. Boyd* (1980), 88 Ill. App. 3d 825, 410 N.E.2d 931.

In the present case, on October 21, 1983, following the jury's verdict of guilty, defendant presented his oral motion for a new trial which was denied by the court. Despite the denial, defendant informed the court that he would supplement his oral motion with a written motion on the next date set for the case and that he would be requesting a transcript of the proceedings to do so. At that time, the

State neither objected to the oral motion nor requested that it be in writing. When the parties next met approximately six weeks later, defendant requested a continuation to file a written motion for new trial. At that time, the court stated that it had no record that an oral motion had been made and suggested that defendant obtain a transcript of the earlier proceedings to establish that an oral motion had been made. Defendant agreed and stated that he would tender his supplemental written motion for new trial on the next date set. The parties next met approximately two weeks later, at which time defendant still did not have a written motion. At that point, the State specifically informed the court that it had no objection to an oral motion. The case was then continued to the following day, at which time defendant argued that the State had waived its right to specific grounds by failing to timely make its request. In response, the State argued that when defendant had made his oral motion nearly two months earlier, he had agreed to file a supplemental written motion. Thus, the State assumed specific grounds would be forthcoming in the written motion. The State further argued that pursuant to section 116—1(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 116—1(c)), a motion for new trial must specify the grounds. Although the trial court agreed that defendant must comply with the statute, it did not enter a ruling on the question. The State then informed the court that it had no objection to proceeding with any post-trial motions at a later date.

Following another two-day continuance, defendant again failed to supply a written motion. The State argued that because the 30-day period for filing a post-trial motion had expired, there had been, in effect, no motion for a new trial filed. Defendant replied that he had been under the impression that his oral motion for a new trial, which had been denied, was valid because the State had failed to object at the time it was made. The court ruled that the 30-day period for filing a written motion for a new trial had expired, yet acknowledged that an oral motion had been made and denied.

■ Upon reviewing the proceedings relative to defendant's oral motion for a new trial, we conclude that while we do not condone defendant's delaying tactics, the State cannot now claim waiver because a written motion had not been filed when it failed to object to the contents and form of the oral motion at the time it was made. (*People v. Boyd* (1980), 88 Ill. App. 3d 825, 410 N.E.2d 931.) Accordingly, we hold that defendant has not waived the issue regarding his right to cross-examine Nix as to any bias, motive or interest he may have had to testify falsely against defendant.

■ We next address the specific matters about which defendant was precluded from questioning Nix during cross-examination. Prior to commencement of the trial, the State moved *in limine* that defendant be precluded from introducing or attempting to introduce into evidence: (1) any arrests or convictions of Nix which occurred subsequent to the shooting incident; (2) any reference to Nix being a drug dealer; and (3) any reference to Nix having committed a robbery a few hours prior to the shooting incident.

Impeachment of a witness' credibility on the basis of bias, interest or motive to testify falsely is distinguishable from impeachment by proof of conviction of a prior crime. (*People v. Kellas* (1979), 72 Ill. App. 3d 445, 389 N.E.2d 1382.) The latter is governed by the principles enunciated in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, *i.e.*, the prior conviction must be for crimes punishable by death or imprisonment in excess of one year, or for crimes involving dishonesty or false statement regardless of the punishment. On the other hand, cross-examination to show bias or motive to testify falsely is a matter of right, subject only to the trial court's broad discretion to preclude repetitive or unduly harassing interrogation and to confine the cross-examination to a proper subject matter. (*People v. Foley* (1982), 109 Ill. App. 3d 1010, 441 N.E.2d 655.) However, when attempting to impeach by showing bias, interest or motive, the evidence cannot be remote or uncertain. Instead, it must give rise to the inference that the witness has something to gain or lose by his testimony. (*People v. Triplett* (1985), 108 Ill. 2d 463.) This does not mean that the examining counsel must prove prior to cross-examination that any promises of leniency or special favors have been made. (*People v. Kellas* (1979), 72 Ill. App. 3d 445, 389 N.E.2d 1382.) Rather, the evidence must be timely, unequivocal, and directly related to the issue of bias or motive to testify falsely. *People v. Winfield* (1983), 113 Ill. App. 3d 818, 447 N.E.2d 1029.

■ On appeal, the reviewing court is limited to a determination of whether the trial court abused its discretion and the defendant suffered manifest prejudice as a result. (*People v. Winfield* (1983), 113 Ill. App. 3d 818, 447 N.E.2d 1029.) To establish abuse of discretion, defendant must have set forth an offer of proof at trial which indicated that the evidence he sought to introduce was positive and direct on the issue of bias or motive to testify falsely. Where no proof as to competency or relevancy is offered or where the offer is unsatisfactory, the trial court may properly preclude cross-examination. *People v. Winfield* (1983), 113 Ill. App. 3d 818, 447 N.E.2d 1029.

In the present case, the State's motion *in limine* first requested

that, based upon *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, defendant be precluded from cross-examining Nix about his prior misdemeanor conviction for the unlawful use of a weapon and his current probationary status as a result of that conviction. The trial court agreed that *Montgomery* disallowed questioning regarding the offense because: (1) the offense was a misdemeanor that (2) did not involve dishonesty or false statement. While we concur with the court's decision to preclude questioning as to the misdemeanor offense, we do not agree that *Montgomery* governs the situation. As stated previously, impeachment by showing bias or motive to testify falsely is distinguishable from impeachment by the introduction of a prior conviction. (*People v. Kellas* (1979), 72 Ill. App. 3d 445, 389 N.E.2d 1382.) *Montgomery* expressly sets forth the governing criteria ·for impeachment by prior conviction and is inapplicable to the type of impeachment at issue in the present case.

In the situation at bar, the focus is on the positive and direct nexus of the evidence sought to be introduced to the question of Nix' possible bias and motive to testify falsely. Relying on *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105, *People v. Triplett* (1985), 108 Ill. 2d 463, and *People v. Foley* (1982), 109 Ill. App. 3d 1010, 441 N.E.2d 655, defendant argues that the facts that Nix was on probation and there were pending charges against him at the time of trial established a motive for him to testify falsely against defendant about which he should have been allowed to cross-examine. In *Davis*, the witness, a juvenile, was on probation for having been adjudicated a delinquent for burglarizing two cabins. The United States Supreme Court held that the evidence defendant sought to introduce regarding the witness' record was admissible to establish the inference of undue pressure because of the witness' "vulnerable status as a probationer" as well as the witness' concern that he might be a suspect in the subject investigation. (*Davis v. Alaska* (1974), 415 U.S. 308, 317-18, 39 L. Ed. 2d 347, 354, 94 S. Ct. 1105, 1111.) In *Triplett*, at the time of defendant's trial, the sole occurrence witness, a juvenile, was in custody as the result of an adjudication of delinquency which stemmed from a burglary charge and was also subject to reinstatement of two additional juvenile delinquency petitions arising out of charges of burglary and theft. The *Triplett* court held that it was error to preclude defendant's cross-examination of the witness regarding his custodial status and the possibility that charges could be reinstated by the State because of the strong inference that the witness had something to be gained or lost by his testimony. In *Foley*, the witness was on probation for the same crime about which he was asked

to testify. Accordingly, the court found that it was reasonably possible that the witness may have felt he was in a "vulnerable position, *** regarding his status as a probationer, and such subtle pressure could have induced him to testify against the defendant." *People v. Foley* (1982), 109 Ill. App. 3d 1010, 1015, 441 N.E.2d 655.

■■ We find these cases factually inapposite to the case at bar. In the present case, Nix had less than two months remaining on a one-year misdemeanor probation sentence, with no juvenile petitions subject to reinstatement as in *Triplett*. Further, Nix was the victim of the shooting incident, not a suspect as in *Davis* or a convicted participant in the incident as in *Foley*. Further, the only evidence as to pending charges against Nix was the unsupported allegation by defendant that there were "pending charges in Branch 60." In our view, this bare allegation does not rise to the level of certainty or directness required for admissibility. Thus, we conclude that the evidence as to Nix' probationary status and the alleged pending charges did not raise a strong inference that Nix had something to be gained or lost by his testimony and, as a result, was neither competent nor relevant as to bias or motive to testify falsely. Accordingly, we find that the evidence was properly excluded by the court.

The State's motion further precluded defendant from introducing into evidence any reference to Nix being a drug dealer. At the time the motion was made, defendant informed the court that he did not know whether he would present such evidence, but if he did, he would be prepared to back it up. In response, the court stated that "at this time" the State's motion would be granted. However, the court added that if defendant felt that it had competent evidence to introduce on the subject in the future, the court would reconsider its ruling after a determination of relevancy. Defendant made no attempt to submit evidence regarding his accusation that Nix was a drug dealer.

■■ Similarly, with respect to the third part of the State's motion *in limine* to preclude evidence regarding Nix' alleged involvement in a robbery several hours prior to the shooting, the court held that because it had not been alleged that the robbery was "part and parcel" of the shooting, or even that defendant had been present at the alleged robbery, no reference to the alleged robbery could be introduced absent a prior showing to the court of its relevance. It does not appear that defendant made any further attempt to introduce evidence as to the robbery. It is unclear from the record whether defendant's allegation that there was a "pending charge in Branch 60" was an attempt to do so. However, even if it were, it failed to satisfy the well-established criteria that evidence intended to demonstrate bias or mo-

tive to testify falsely must be direct and positive, not merely unsubstantiated accusations. For these reasons, we reject defendant's contention that the trial court abused its discretion in granting the State's motion *in limine*.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY, P.J., and QUINLAN, J., concur.