Roy Kinser *et al.*, Plaintiffs-Appellees, *v.* Clarence R. Kruse, Defendant-Appellant.

(No. 55184; )

First District—April 7, 1972.

Haft, Shapiro & Haft, of Chicago, (Morris A. Haft, of counsel,) for appellant.

Rees & Sullivan, Assoc., of Chicago, (Thomas Ryan Rees, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Roy and Helen Kinser sought damages for personal injuries arising out of an automobile accident with Clarence R. Krause on August 7, 1965. Trial was held before a jury and a verdict of $1250.00 was rendered for each plaintiff, for a total of $2500.00 with costs. Defendant's post trial motion asking for judgment *n.o.v.* or a new trial was denied. Defendant now appeals.

Defendant's basic proposition on appeal is that the trial court erred in instructing the jury in a hurried and unintelligible manner. The pertinent facts surrounding this alleged prejudicial error are recorded in the transcript of the trial beginning at the point the Court commenced to read the instructions to the jury. This portion of the record indicates that two jurors at separate times interrupted the reading of the jury instructions by the trial judge to complain that they could not hear or comprehend what was being read. Shortly after the judge had begun reading the instructions, the record relates the following interchange between the judge and a juror:

"THE COURT: You are to * * * you must consider these instructions as a whole, not picking out instruction and disregarding others. It is your duty to determine the facts and determine them from the evidence produced in open court. You are to apply * * *

A JUROR: Judge, I can't hear you.

THE COURT: This is not really for you. This is mostly for the court reporter now. * * * and in this way decide the case."

The judge then continued to read the instructions. After having read a number of instructions another juror complained:

A JUROR: "You are going too fast."

The record does not contain any response from the Court to this statement by the juror. Finally, there is nothing in the record from which it can affirmatively be determined that the written instructions were in fact taken by the jury to the jury room.

■■ Defendant contends that the manner in which the trial judge read the instructions tended to mislead the jury by creating in their minds the impression that the instructions were an unimportant part in the trial proceeding. We agree with this contention. It has long been the rule in this State that the law applicable to the case must be conveyed

to the jury with substantial accuracy. The law must be stated fairly, clearly and distinctly so that the jury is not misled to the prejudice of a party. (*Sims v. Chicago Transit Authority* (1955), 7 Ill.App.2d 21, 29-30, 129 N.E.2d 23, 27.) Appellee points out that the case law on the propriety of jury instructions has consistently been addressed to the issue that a particular instruction is legally incorrect on its face and that reviewing courts have only been asked to decide whether there had been a substantive error in a particular instruction. However, we do not feel proscribed thereby from considering whether the trial judge's comments and conduct deprived defendant of a fair trial.

■■ A vital part of the trial is the reading of instructions by the Court to the jury at the close of oral arguments. (Ill. Rev. Stat. 1967, ch. 110, par. 67(3).) As such, the manner in which the judge read the instructions to the jury is necessarily and logically included under the requirement for clear, accurate and complete instructions. To hold otherwise would be to minimize the importance of an established trial court practice and the court's statutory duty to properly instruct the jury. In effect, the issue is whether or not the judge, by his comments and actions, told the jurors to disregard or ignore the instructions. The record indicates that the judge read the instructions too quickly and indistinctly for the jury to comprehend their meaning and in a way that clearly tended to negate their importance. The Court's comment that "This is not really for you" at the very stage of the instructions designed to describe the basic functions of the jury in the trial process operated to mislead the jury by, in effect, "instructing" them to disregard the instructions and in so doing we believe he committed serious error.

■■ In view of this holding, it is necessary to comment on appellee's argument to the effect that, even if there was error, it was harmless and readily susceptible to correction by the fact that the jury had the instructions in writing in the jury room. As stated above, there is no indication in the record that the instructions did go to the jury room. Even assuming the written instructions were sent to the jury room, we would find error based on all the facts in this case. It is essential to emphasize the manner in which the instructions were read in the instant case. The judge must refrain from commenting directly on the instructions. Here, the record shows that the jurors were misled as to the importance of the instructions by the totality of what was said. When a trial judge indicates by his conduct and comments while reading the jury instructions that they are not important, it cannot be assumed that the jury ignores the implication that they are not an essential part of the trial proceeding. Every step in the trial has a necessary and important, if not vital, effect on the final judgment. Since jurors are usually assuming a role completely

new to them when they sit in the jury box, the judge has a responsibility to condition their minds to their responsibilities and guide them in the performance of their duties.

Experience convincingly shows that, though unaccustomed to the actual working of the law, juries will conscientiously attempt to arrive at correct decisions if the applicable law is stated to them in simple and understandable language. Conversely, if the jury hears a group of instructions read to them in a hurried, listless and unintelligible manner, it is not unreasonable to assume that they may not give proper weight to the principles of law set out in the writen instructions. Only when the instructions are properly drafted and presented will the jury be able to comprehend their full significance.

There are other questions in this record, but in view of the conclusion we have reached on the propriety of the jury instructions it will not be necessary to determine those questions. The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.