THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHERMAN D. WILSON, Defendant-Appellant.

First District (1st Division)   No. 62402

Opinion filed October 25, 1976.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Michael R. Lewis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Sherman D. Wilson, was convicted by a jury of auto theft in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)), and sentenced to a term of nine months in the House of Correction. He appeals contending, among other things, that the trial court failed to instruct the jury concerning the limited significance of evidence submitted by the State of his prior conviction for burglary.

Briefly, the relevant facts are that defendant testified at trial that he had not committed the theft. In rebuttal, the State's attorney introduced a record of defendant's prior conviction for burglary. Defendant tendered and the court agreed to give Illinois Pattern Instruction—Criminal No. 3.13 stating:

> "Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect his credibility as a witness, and must not be considered by you as evidence of his guilt of the crime with which he is charged."

In his oral charge to the jury, the trial judge failed to read this instruction. Defendant argues that as a result of this omission he was denied a fair trial. We agree.

■■ When a defendant in a criminal case testifies, a prior conviction to impeach his credibility may be introduced into evidence only if the trial court determines that its probative value outweighs the danger of unfair prejudice. *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; Ill. Rev. Stat. 1975, ch. 38, par. 155—1.

The State contends that defendant waived his right to raise the issue of the omission by failing to object to it at trial and by failing to urge the omission as a basis for a new trial in his post-trial motion.

Because a prior conviction can be considered only as it affects defendant's credibility and cannot be considered as evidence of guilt of the crime charged, a defendant's substantial rights are involved and the

jury must be properly instructed as to the limited consideration which must be given to a prior conviction. A vital part of a trial is the reading of instructions by the court to the jury at the close of the oral arguments. (*Kinser v. Kruse* (1972), 4 Ill. App. 3d 987, 283 N.E.2d 120, *leave to appeal denied*, 52 Ill. 2d 594; Ill. Rev. Stat. 1975, ch. 110, par. 67(3).) Under Supreme Court Rule 615(a) plain errors or defects affecting substantial rights may be noticed on review although not brought to the attention of the trial court. In our opinion, the failure of the trial court to read the requested instruction to the jury substantially prejudiced defendant's right to a fair trial. Under these circumstances, the doctrine of waiver is inappropriate. *People v. Manzella* (1973), 56 Ill. 2d 187, 306 N.E.2d 16.

The State argues that the omitted instruction was included in the written instructions given to the jury and taken to the jury room pursuant to Supreme Court Rule 451 and section 67 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110A, par. 451; ch. 110, par. 67). There is nothing in the record which affirmatively shows that IPI—Criminal No. 3.13 did in fact go to the jury room. The record contains only the copies of the instructions which indicate which party tendered the instructions. These copies do not support the State's claim. They are not the original written instructions which go to the jury room. See *Kinser v. Kruse* (1972), 4 Ill. App. 3d 987, 283 N.E.2d 120, *leave to appeal denied*, 52 Ill. 2d 594; *People v. Ureste* (1972), 7 Ill. App. 3d 545, 288 N.E.2d 45, *leave to appeal denied*, 53 Ill. 2d 604.

■■ The State also contends that any error was cured because the trial judge read Illinois Pattern Instruction—Criminal 1.01[6] to the jury, which provides in pertinent part:

"Any evidence which was received for a limited purpose should not be considered by you for any other purpose."

The State argues that this instruction alerted the jury to the fact that certain evidence was to be used only for limited purposes. This instruction, however, could not cure the error because it neither stated what evidence was received for a limited purpose nor in what respect the jury's consideration of that evidence should have been limited.

Finally, the State contends that the assistant State's attorney in his final argument correctly advised the jury of the proper use that was to be made of the evidence of defendant's prior conviction when he stated:

"You heard in our rebuttal, first of all that the defendant was convicted of a burglary in January of this year *so he is capable of committing an act of theft* and you are allowed to consider that in whether or not you think this is believable in the testimony that you heard." (Emphasis added.)

The State's position is without merit. Rather than curing, this argument compounded the error; nor, as contended by the State, can defense

counsel's final argument cure the error because argument cannot in advance take the place of an omission from the court's instructions.

From our review of the record we cannot say that the error was harmless beyond a reasonable doubt. We are confident that the other claimed errors in final argument will not be repeated on a retrial.

The judgment and sentence are reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

GOLDBERG, P. J., and SIMON, J., concur.