THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERRY BROWN, Defendant-Appellant.

First District (1st Division)   No. 77-654

Opinion filed June 12, 1978.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and James V. Marcanti, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUCKLEY delivered the opinion of the court:

Defendant-appellant Perry Brown was charged by indictment with the April 29, 1975, armed robberies of Cheryl Ward and Raymond Morgan and the April 30, 1975, intimidation of Cheryl Ward. Following a jury trial, Brown was found guilty of the armed robbery of Morgan and acquitted of the other two charges. On July 7, 1976, he was sentenced to imprisonment for four years to four years and a day.

Brown appeals this conviction, alleging prejudicial error in his impeachment as a witness by cross-examination regarding his prior arrests, facts surrounding his prior convictions and the sentences he had previously received. He also assigns error to the prosecutor's failure to introduce into evidence certified copies of these convictions, admission of hearsay testimony by police officers regarding statements of complaining witnesses and refusal of the trial court to tender an instruction to the jury on simple robbery as a lesser included offense.

■■ For the reasons stated below, the first of these contentions is meritorious, and therefore the conviction is reversed and the cause remanded for a new trial.

The exchanges which are the subject of the defendant's first argument were based on Brown's testimony on direct examination, in which defense counsel asked him if he had ever been arrested. Brown said he had, whereupon defense counsel elicited admissions from Brown that he had been convicted twice of petty theft, once in 1966 and once in 1971. However, apparently because Brown did not know whether his having been placed on probation meant that he had been convicted, Brown's responses included an admission that he had been placed on probation for the first offense. The defense closed this segment of the direct examination by asking Brown if he had "been in any trouble, or arrested, in the last five years." Brown replied that he had not.

On cross-examination, the prosecutor asked Brown how many times he had been arrested, to which Brown eventually responded that he could not remember, but it was not more than 10 times. The prosecutor next asked what the arrests were for, but before Brown could answer, defense counsel objected, and a conference was held out of hearing of the jury.

Thereafter, the prosecutor examined Brown regarding his being placed on probation for petty theft and the facts surrounding his 1966 conviction. He then asked if Brown had ever been convicted and placed on probation for possession of a hypodermic needle. At this point, defense counsel objected and the succeeding exchanges featured objections and argument

by the defense, argument and questions to Brown by the prosecution, rulings and questions to Brown by the trial judge and responses by Brown to questions.

In the course of these exchanges in the presence of the jury, it was the trial judge who examined Brown regarding the conviction and probation for possession of a hypodermic needle, and when the prosecutor later asked Brown whether he had been arrested on still other occasions, the trial judge repeated Brown's affirmative answer. The prosecutor then asked whether those arrests were other than traffic-related, and over defense counsel's objection an affirmative response was elicited. There was no indication whether any of the arrests or the conviction for possession of a hypodermic needle occurred during the five-year period in which Brown said he had been in no trouble.

The issue raised by these exchanges is to what extent a prosecutor may, in impeaching an accused who has admitted certain facts in his criminal record, cross-examine him regarding additional prior criminal conduct.

■■ The general rule regarding impeachment of witnesses with evidence of their prior criminal conduct is that only convictions of crimes punishable by sentences of more than one year or involving dishonesty or false statement may be admitted, and these only if the trial court determines that their probative value outweighs their potential for causing unfair prejudice and further only if the conviction or release of such witnesses, whichever occurred later, was less than 10 years prior to their testimony. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698-99.) *Montgomery* indicates that this rule sets only the outer limits of trial court discretion to admit such evidence and that the trial judge is still to assess the probative value of such convictions in relation to their potential for prejudice. See *People v. Wilson* (1976), 43 Ill. App. 3d 583, 357 N.E.2d 81.

■■ ■ Before and after the formulation of this general rule in *Montgomery*, it was held that only convictions were admissible, and not arrests (see *People v. Norwood* (1973), 54 Ill. 2d 253, 296 N.E.2d 852; *People v. Roche* (1945), 389 Ill. 361, 59 N.E.2d 866), nor facts surrounding such convictions (*People v. DeHoyos* (1976), 64 Ill. 2d 128, 355 N.E.2d 19; *People v. Lane* (1948), 400 Ill. 170, 79 N.E.2d 65). Likewise, it was and is clearly recognized that only convictions bearing on a witness' credibility may be admitted. (*People v. Rudolph* (1977), 50 Ill. App. 3d 559, 365 N.E.2d 930; *Werdell v. Turzynski* (1970), 128 Ill. App. 2d 139, 262 N.E.2d 833.) The major change effected by *Montgomery* is to narrow by imposing a time limitation, the scope of convictions to be admitted. *Cf. People v. Clark* (1966), 78 Ill. App. 2d 336, 223 N.E.2d 272.

■■ The rules relating to impeachment of witnesses are the same where it is the accused who testifies (*People v. Gilmore* (1969), 118 Ill. App. 2d

100, 254 N.E.2d 590, *cert. denied* (1970), 400 U.S. 845, 27 L. Ed. 2d 81, 91 S. Ct. 89), although, of course, the danger of unfair prejudice increases where the conviction relates more closely to the accused (see, *e.g., People v. DeHoyos* (1966), 64 Ill. 2d 128, 355 N.E.2d 19). Accordingly, the general rule formulated in *Montgomery* is applicable where it is the accused who is impeached.

There is authority, however, that some deviation from this general rule is permitted where the witness testifies on direct examination regarding some aspects of his criminal record, a practice referred to as opening the door. (See *People v. DeHoyos* (1966), 64 Ill. 2d 128, 355 N.E.2d 19.) One exception is where the witness admits convictions of both admissible and inadmissible kinds under the general rule and affirmatively states that this list of convictions is complete. In such a case the prosecutor may cross-examine regarding any other convictions, regardless of whether they would have been admissible under the general rule. (*People v. Nastisio* (1963), 30 Ill. 2d 51, 58-59, 195 N.E.2d 144, 148.) Similarly, where a witness on direct examination affirmatively states that he has never been arrested, there is authority that the prosecutor may then cross-examine regarding any prior arrests. *People v. Johnson* (1976), 42 Ill. App. 3d 194, 198, 355 N.E.2d 577, 579; *cf. People v. Decker* (1923), 310 Ill. 234, 141 N.E. 710.

In the present case, however, Brown's only affirmative representation regarding completeness of his testimony concerning his criminal record was that he had been in no trouble for the past five years. Because the impeachment complained of dealt with matters not established as falling within that period, the two aforementioned exceptions are inapplicable, so that conformance of the cross-examination to the general rule would appear to be required.

The People, however, argue that there is or ought to be an extension to these exceptions, which would bring the present case out of the scope of the general rule. Reliance is placed on *People v. Bey* (1969), 42 Ill. 2d 139, 147, 246 N.E.2d 287, 292, where it is stated that mention of a single conviction on direct examination implies the absence of further convictions, so that the rule governing affirmative misrepresentations should cover misleading omissions. Similar language is employed in *People v. Smalley* (1973), 10 Ill. App. 3d 416, 425-26, 294 N.E.2d 305, 311. In *Bey*, however, the conviction adduced on cross-examination was for a felony, and would have been admissible under the general rule. The court's reference to the open door exception was related to using cross-examination rather than a certified copy of the conviction as a vehicle for introducing this evidence. Similarly, in *Smalley* the conviction introduced was for passing bad checks, and because such a crime constitutes *crimen*

*falsi* (see *People v. Rudolph* (1977), 50 Ill. App. 3d 559, 365 N.E.2d 930), this conviction would also have been admissible under the general rule. The language in *Smalley* regarding extension of the exception to the general rule may be attributed to unnecessary concern for the fact that the conviction was not for a felony. Moreover, in *Smalley* there was also a reference in the cross-examination to the defendant's contacts with a certain sheriff and, rather than act on the broad language it had employed earlier and hold that this evidence was admissible whether or not it constituted evidence of a prior arrest, the court took pains to point out that admitting this evidence was not error because the reference, taken in context, did not imply that the accused had been arrested. *People v. Smalley* (1973), 10 Ill. App. 3d 416, 426, 294 N.E.2d 305, 311.

■■ It must be concluded, therefore, that the People's argument that the open door exception to the general rule regarding impeachment by means of prior criminal record extends to situations where a witness has merely mentioned on direct examination fewer than all of his arrests or convictions is not well supported by the cited authorities. Moreover, even if such an extension of the open door exception were supported by authority, its application would call for the exercise of considerable caution because the law will not permit a prosecutor to take unfair advantage of tactical errors by defense counsel that open the door to prejudicial evidence. (*People v. Scott* (1968), 100 Ill. App. 2d 473, 479, 241 N.E.2d 579, 583; *People v. Jackymiak* (1943), 381 Ill. 528, 532, 46 N.E.2d 50, 52-53.) Moreover, the thrust of *Montgomery*, which succeeded these decisions, was to limit even further the scope of admissible evidence of this kind. The applicability of such an exception to the facts of the present case would be rejected because it is doubtful that Brown's admission of two convictions, coupled with his statement that he had been out of trouble for five years, would imply an absence of other trouble prior to that five-year period in the same way that a bare admission of a single conviction would imply the absence of others. (*Cf. People v. Bey* (1969), 42 Ill. 2d 139, 147, 246 N.E.2d 287, 292.) Accordingly, the general rule on impeachment of witnesses by means of prior criminal conduct is applicable to the present case.

■■ Applying this rule, it is apparent that cross-examination regarding Brown's other arrests was error. (*People v. Norwood* (1973), 54 Ill. 2d 253, 296 N.E.2d 852.) Likewise, examining Brown regarding his prior conviction for possession of a hypodermic needle was error because only convictions punishable by more than one year of imprisonment (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698), or having a bearing on the witness' honesty (*People v. Rudolph* (1977), 50 Ill. App. 3d 559, 566, 365 N.E.2d 930, 932), are admissible, and possession of a

hypodermic needle is punishable by a maximum of less than one year (Ill. Rev. Stat. 1975, ch. 38, par. 22—53), and is not a crime involving dishonesty. See generally *People v. Rudolph.*

Whether error in introducing evidence of an accused's prior criminal record is so prejudicial as to require reversal depends on whether it appears that the verdict of the jury may have resulted from such error. *People v. Helm* (1968), 40 Ill. 2d 39, 47, 237 N.E.2d 433, 437; *People v. Armstrong* (1961), 22 Ill. 2d 420, 424, 176 N.E.2d 755, 757.

■■ In the present case, the matter of Brown's prior arrests and prior conviction for possession of a hypodermic needle received added emphasis from the involvement of the trial judge himself in both posing questions and repeating responses. Such involvement by the court gives undue prominence to the matters gone into by the judge and may exert an improper influence on the jury. (*People v. Santucci* (1962), 24 Ill. 2d 93, 97, 491 N.E.2d 491, 493-94.) See *People v. Pelletri* (1926), 323 Ill. 176, 153 N.E. 591; *People v. Schultz* (1921), 300 Ill. 601, 133 N.E. 379; *Dunn v. People* (1898), 172 Ill. 582, 50 N.E. 137.

Moreover, the record of the present case does not present such overwhelming evidence against the accused that it can be stated confidently that the jury's verdict could not have been affected by the trial judge's participation in eliciting this improper evidence. The fact that Brown and his accusers formed a love triangle provides room for belief in a wider range of explanations for the occurrences leading to Brown's arrest than are found in the typical armed robbery case, where the participants are strangers. That the jury placed some faith in explanations favorable to Brown of these events is indicated by the fact that Brown was acquitted of other charges arising from the same events.

■■ Accordingly, in view of the undue prominence given to Brown's prior arrest record and misdemeanor conviction by involvement of the trial judge and because under the facts of this case the jury may have been influenced by this erroneously admitted evidence, we find that the error in admitting this evidence was prejudicial. It is therefore unnecessary to consider other alleged errors. *People v. Jones* (1949), 402 Ill. 231, 236, 83 N.E. 577.

The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.