THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLARENCE HARLAN, Defendant-Appellant.

Fifth District   No. 78-480

Opinion filed August 8, 1979.

John H. Reid and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

On August 2, 1978, the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, found the defendant Clarence Harlan guilty of the burglary and theft of one black-and-white television set valued at about $75. On September 14, 1978, he was sentenced to serve five years in the Department of Corrections. On appeal, the defendant puts forth two contentions. First, it is argued that the trial court erred in failing to grant a mistrial after the defendant entered the jury's presence restrained by handcuffs. Second, defendant contends that admission at trial of prior State and Federal convictions constitutes reversible error. For the reasons set forth below, the judgment of the trial court is affirmed.

Defendant's first contention is that the trial court erred in failing to grant a mistrial after he entered the courtroom restrained by handcuffs and had them removed in the presence of the jury. While it was debatable whether the jury actually saw the handcuffs, the court noted in the conference following defendant's objection that the noise of their removal was quite audible and surely heard by the jury. The trial court declined to follow defendant's suggestion that the jury be questioned about the incident. Instead, as a part of its opening address to the jury, the

court stated that during criminal trials, it was not unusual to see a defendant in handcuffs and that this should not prejudice a jury or its verdict in any way. In response, the jury indicated that they understood. ■■ To support this contention, defendant relies mainly on *People v. Hyche* (1978), 63 Ill. App. 3d 575, 380 N.E.2d 373; *Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101; *O'Shea v. United States* (1st Cir. 1968), 400 F.2d 78, and *United States v. Larkin* (1st Cir. 1969), 417 F.2d 617, for authority that an accused criminal defendant has the right to confront the court and jury with the physical indicia of innocence. The right to stand trial with the appearance and dignity of freedom, except under exceptional circumstances giving rise to a need for physical restraint, is well established in State and Federal courts. (*Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101, 104; *In re Staley* (1977), 67 Ill. 2d 33, 36, 364 N.E.2d 72, 74.) The various rationales used to support this right have their common root in the due process clause of the fourteenth amendment (*see Massey v. Moore* (1954), 348 U.S. 105, 108, 99 L. Ed. 2d 135, 138, 75 S. Ct. 145), and include the likelihood of jury prejudice; the possibility that the accused will be embarrassed and confused and unable to testify; the notion that an accused should not undergo physical punishment until adjudged guilty; and the idea that shackling the accused detracts from the dignity and decorum of the courtroom. See *Kennedy v. Cardwell* (6th Cir. 1973), 487 F.2d 101, 105-06; ABA Standards, Trial by Jury §4.1 (1968).

■■ In the case at bar, the defendant was not restrained before the jury during the course of the entire trial. Rather, the incident involving the handcuffs was brief and at the beginning of the trial. In such a case, unless the accused threatened to escape, to harm the people in the courtroom or to pose a threat to the orderly administration of justice, the proper procedure would have been to unhandcuff the accused before his appearance and rehandcuff him after, all out of the presence of the jury or venire. (*People v. Hyche* (1978), 63 Ill. App. 3d 575, 583, 380 N.E.2d 373, 379; *People v. Boose* (1977), 66 Ill. 2d 261, 362 N.E.2d 303.) In *Hyche*, the defendant, charged with murder of a State policeman, appeared briefly before the venire in handcuffs. The court declined to grant a new trial, stating that "[t]he fact that jurors may briefly see a defendant in handcuffs is not so inherently prejudicial as to require a mistrial." (63 Ill. App. 3d 575, 583, 380 N.E.2d 373, 379. See also *People v. Dismuke* (1972), 3 Ill. App. 3d 553, 278 N.E.2d 152.) There, the incident was brief and not aggravated and no objection was made by defense counsel at the time of the error. In the instant case, as in *Hyche*, the incident was very brief and not repeated. The judge tactfully instructed the jury in a way such as to minimize the prejudicial impact of the handcuffs.

Furthermore, the strength of the case against the defendant makes it highly unlikely that the jury was materially prejudiced by the minor episode involving the handcuffs. The defendant changed his account of the burglary three times from arrest to conviction. He told Detective Carpenter, the off-duty police detective who arrested the defendant, that the television belonged to his aunt. At the station, the aunt was called and she denied that she was missing a television. Later, he gave a signed statement, admitted without objection at trial, that he saw two black males break into the house and leave without taking anything, whereupon he entered and took the television from a bedroom. At trial, defendant again revised his story and testified that he had stopped to relieve himself in a vacant building on his way to work and found the television lying in a corner. The owner of the television was able to identify the set based on a distinguishing red mark and on its serial number, which matched with one on a card in her possession. Finally, the jury deliberated only one hour before finding the defendant guilty. A defendant found guilty will not receive a new trial upon showing the possibility of prejudice. Here, the defendant has made no showing that his brief appearance in handcuffs in any way influenced the jury. Therefore, the denial of the motion for a mistrial is affirmed.

Defendant next contends that the defendant was unfairly prejudiced at trial by the admission into evidence for impeachment purposes of two prior State burglary convictions and by the elicitation upon cross-examination of a prior Federal conviction without proper documentation. Prior to the presentation of defendant's case, the defense counsel presented a motion *in limine* to suppress evidence of the defendant's two prior St. Clair County burglary convictions. The prosecution had certified copies of both. The court ruled them proper impeachment. At that time, the State's attorney stated that there was a third charge, the Federal offense, which he did not intend to introduce. Defendant then testified on his own behalf and on direct characterized his arrest and the charges against him as an effort by the police to "get [ex-cons] off the street, [and] put them back in the penitentiary because they feel that they are sure enough criminals when they come out of the penitentiary." In the course of making this argument, he testified that he had been convicted of two prior burglaries and had been released from the penitentiary in October 1977. He further maintained on direct that he could not read very well and had not understood the statement he had signed or the card given to him by the police upon which his rights were written, although his rights were read to him orally and he said he had understood.

During the subsequent cross-examination the prosecutor directed questions to the educational opportunities available to the defendant

while he was in "jail." Defendant, in response, stated that he had been in Menard. He was then asked if he had been in "any other ones," to which he replied, "No, just Menard and the Federal Penitentiary." No documentation of the Federal conviction was offered into evidence, and defense counsel made no objection to the questions or answers.

■■ The general rule regarding impeachment of witnesses with evidence of prior criminal conduct is that only convictions of crimes punishable by sentences of more than one year or involving dishonesty or false statements may be admitted, and these only if the trial court determines that their probative value outweighs their potential for causing unfair prejudice, and further only if the conviction or release of such witnesses, whichever occurred later, was less than 10 years prior to their testimony. (*People v. Brown* (1978), 61 Ill. App. 3d 180, 377 N.E.2d 1201; *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) The rule regarding impeachment of witnesses is the same when the defendant testifies. *People v. Gilmore* (1969), 118 Ill. App. 2d 100, 254 N.E.2d 590, *cert. denied* (1970), 400 U.S. 845, 27 L. Ed. 2d 81, 91 S. Ct. 89.

■■ The two Illinois convictions fall within the rule, and we conclude that there was no abuse of judicial discretion when the trial court determined that the probative value of the convictions outweighed their prejudicial effect.

Defendant also assigns as error the prosecutor's elicitation on cross-examination of the Federal conviction which the defendant did not mention in his direct testimony. Citing *People v. Flynn* (1956), 8 Ill. 2d 116, 133 N.E.2d 257, he contends that questions concerning the Federal conviction were improper because a record of the conviction was not offered into evidence and because the defendant was forced to testify against himself on cross-examination thereby damaging his credibility with the jury.

Testifying in his own behalf, the defendant testified on direct examination that he had been in court before and had been convicted of two prior burglaries. He stated that he had been released from the penitentiary in October 1977, and further testified that because of his being incarcerated in the penitentiary, being an ex-convict getting out of the penitentiary, the police have a tendency to watch certain ex-cons. He continued that the police have tendencies to mislead and abuse ex-cons and they feel that they should get them off the street, put them back in the penitentiary because they feel that they are sure enough criminals when they come out of the penitentiary. On cross-examination, the prosecution then asked several questions of the defendant concerning educational opportunities afforded him while he was in "jail," and in response the defendant answered that he had been incarcerated in Menard and in a

Federal penitentiary in Knoxville, Wisconsin. Defense counsel did not object to any of these questions or answers.

■■ ■ Once the defendant testified on direct examination as to prior convictions and has opened the door on direct examination, he cannot claim reversible error or prejudice regarding admission of evidence of prior convictions. (*People v. Nastasio* (1963), 30 Ill. 2d 51, 195 N.E.2d 144.) Further, the defendant freely informed the jury of prior convictions; therefore, exposure of an additional conviction could not have a prejudicial effect on the jury that would have existed had there been no earlier proof of criminal conduct. Also, the defendant's admission on direct examination of his prior convictions raises the implication that he has had no other prior convictions, and the People were entitled to have the matter clarified on cross-examination. *People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287.

● 7 Defendant further contends that it is reversible error for the prosecutor to fail to produce a record of defendant's Federal convictions or an authenticated copy thereof. The supreme court has held that while such authentication is generally required, the reason for the rule is the avoidance of prejudice to a defendant when he is compelled to testify regarding his prior convictions. (*People v. Bey.*) As stated in *Bey*, since the jury had already been informed of defendant's first prior convictions on defendant's own initiative, the disclosure of a second did not have the prejudicial effect on the jury that would have existed had not there been earlier proof of other criminal conduct. Therefore, the failure to document the Federal conviction could not have affected the fairness of the defendant's trial.

We note, further, that the defense counsel did not object to the examination of defendant regarding his prior convictions, including the Federal conviction, on cross-examination. Failure to make a prompt and timely objection to the admission of evidence constitutes a waiver of the right to object. *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

MORAN, P. J., and JONES, J., concur.