FIRST DIVISION

August 31, 1998

No. 1-96-1946

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

GLADSTONE VALENTINE,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County.

No. 95 CR 5278

Honorable

John J. Moran,

Judge Presiding.

JUSTICE O’BRIEN delivered the opinion of the court:

Defendant, Gladstone Valentine, appeals his convictions for aggravated battery and unlawful restraint and his sentence of an extended term of 10 years' imprisonment.  On appeal, defendant contends:  (1) he was deprived of a fair trial when the State cross-examined him about four prior unrelated battery arrests in front of the jury; (2) he was deprived of effective assistance of counsel when his counsel introduced evidence of his prior arrests and "opened the door" to which the State responded; (3) he was sentenced improperly to an extended term of imprisonment without the trial court specifically finding that defendant was eligible for an extended term; and (4) his maximum extended-term sentence was excessive.  We reverse and remand.

Defendant was charged with the aggravated battery and unlawful restraint of complainant.  At trial, it was uncontroverted that complainant shot defendant during an altercation and that they were personally involved.  There were no eyewitnesses to the incident.  Complainant testified defendant started beating her so she shot at him to stop him.  Defendant testified complainant started shooting at him so he started beating her to stop her.  Both sides presented very limited corroborating evidence.  Complainant’s corroborating evidence suggested defendant attacked because complainant refused to see him.  Defendant’s corroborating evidence suggested complainant attacked because she was jealous of another woman.  The credibility of complainant and defendant was essential to the jury's verdict.

Defendant had a prior retail theft conviction in 1993 and the State, over defendant's objection, was allowed to use it to impeach defendant should defendant take the witness stand.  Additionally, defendant had four prior battery arrests. 

 During defense counsel's direct examination of defendant, the following occurred:

“DEFENSE COUNSEL:  You've been in trouble with the police growing up in Chicago and you've had a couple of arrests in '94 and '93 is that correct?

DEFENDANT:  Yes, sir.

DEFENSE COUNSEL:  Were you ever arrested in '94 or '93 for anything involving violence?

DEFENDANT:  No.

DEFENSE COUNSEL:  Anything involving possession of a weapon?

DEFENDANT:  No, sir.

DEFENSE COUNSEL:  Was it a misdemeanor theft charge?

DEFENDANT:  Yes, sir.”

Following a sidebar, the court ruled that defense counsel had "open[ed] the door" for the State to correct the portrayal of defendant "in a nonviolent light" pursuant to "the doctrine of completeness."  The State then cross-examined defendant about his arrest record:

“ASSISTANT STATE'S ATTORNEY:  Mr. Valentine, you stated that you had never been arrested for a crime of violence?

DEFENDANT:  No, ma'am.

ASSISTANT STATE'S ATTORNEY:  Is that correct?

DEFENDANT:  No, ma'am.”  

The State then questioned defendant about his arrests for battery on July 18, 1986; February 13, 1987; May 9, 1987; and July 25, 1988, for impeachment purposes.

First, the ineffective assistance of counsel claim.  Defendant claims defense counsel "opened the door" for the State to cross-examine him regarding his four prior unrelated battery arrests, and thus, he was deprived of effective assistance of counsel.  To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test of 
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984) and 
People v. Albanese
, 104 Ill. 2d 504, 525, 473 N.E.2d 1246 (1984).  Defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced defendant as to deny him a fair trial.  
Strickland
, 466 U.S. at 687, 80 L. Ed. 2d at 693, 1045 S. Ct. at 2064.  To prove actual prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  
Strickland
, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; 
Albanese
, 104 Ill. 2d at 525.  Judicial scrutiny of an attorney's performance must be highly deferential, and a reviewing court will not inquire into areas involving the exercise of discretion, judgment or trial strategy.  
People v. Flewellen
, 273 Ill. App. 3d 1044, 1048, 652 N.E.2d 1316 (1995).

The general rule regarding impeachment of witnesses with evidence of their prior criminal conduct is that only convictions of crimes punishable by sentences of more than one year or involving dishonesty or false statement may be admitted, and these only if the trial court determines that their probative value outweighs their potential for causing unfair prejudice and only if the conviction or release of such witnesses, whichever occurred later, was less than 10 years prior to their testimony.  
People v. Montgomery
, 47 Ill. 2d 510, 268 N.E.2d 695 (1971); 
People v. Williams
, 161 Ill. 2d 1, 641 N.E.2d 296 (1994).  This rule gives parameters to the discretion of the trial court to admit such evidence.

There is authority, however, that some deviation from this general rule is permitted where the witness testifies on direct examination regarding some aspects of his criminal record, a practice referred to as "opening the door."  
People v. DeHoyos
, 64 Ill. 2d 128, 355 N.E.2d 19 (1976).  Where a witness on direct examination affirmatively states that he has 
never
 been arrested, there is authority that the prosecutor may then cross-examine regarding any prior arrests.  
People v. Johnson
, 42 Ill. App. 3d 194, 198, 355 N.E.2d 577, 579 (1976). 

Montgomery
 and 
Williams
 mandate that the State could not have independently used defendant's prior battery arrests to impeach defendant.  A reasonably effective lawyer would have challenged the State's use of such evidence before calling defendant to the witness stand.  
People v. Moore
, 279 Ill. App. 3d 152, 157, 663 N.E.2d 490, 495 (1996).  Here, defense counsel not only failed to challenge the use of defendant's prior battery arrests, counsel "opened the door" to that line of questioning by eliciting testimony that gave a false impression of defendant's criminal history.  
People v. Johnson
, 42 Ill. App. 3d 194, 198, 355 N.E.2d 577, 579 (1976).  Without these questions on direct examination, the jury never would have learned of defendant's prior arrests for battery during this trial for aggravated battery.  Accordingly, defense counsel's questioning satisfied the first prong of 
Strickland
.  We therefore address the second prong of 
Strickland
.

Under the second prong of 
Strickland
, a defendant must demonstrate prejudice.  
People v. Caballero
, 152 Ill. 2d 346, 365, 604 N.E.2d 913 (1992).  In making this assessment, the court must consider the totality of evidence before the jury.  
Strickland
, 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2069; 
Caballero
, 152 Ill. 2d at 366.  Here, the evidence was essentially "he said/she said."  There were no eyewitnesses to the incident and both sides presented only limited corroborating evidence.  Given the closeness of the conflicting evidence and the facts of this case, the jury's verdict was based upon its determination of the credibility of the witnesses.  Because the outcome of the case depended upon the jury's credibility determinations, and because the introduction of inadmissible evidence of defendant's prior unrelated battery arrests undermined his credibility, there is a reasonable probability that this error affected the outcome of the trial.  Accordingly, we reverse and remand for a new trial.

In the alternative, one could deduce that defense counsel's actions were trial tactics to mitigate the effect of defendant's impeachment by his prior theft conviction.  It is not implausible that, in the heat of battle, defense counsel decided to question  defendant regarding his arrests in 1993 and 1994 to soften the negative impact of that conviction.  The State intended to use defendant's one prior conviction for retail theft in 1993, admissible under 
Montgomery
, to impeach defendant's credibility.  Even if one assumes that defense counsel's actions were well-intentioned trial tactics, the admission of prior arrests for battery in this trial for aggravated battery would still be unduly prejudicial, determinative of the jury verdict and error.  The law will not permit a prosecutor to take unfair advantage of tactical errors by defense counsel that open the door to prejudicial evidence and it was error to allow the jury to hear such evidence.  
People v. Brown
, 61 Ill. App. 3d 180, 185, 377 N.E.2d 1201, 1204 (1978).

Accordingly, we reverse and remand for a new trial.  Thus, it is unnecessary to consider the other contentions of error.

Reversed and remanded.

BUCKLEY, P.J., concurs.

JUSTICE O'MARA FROSSARD, dissenting:

I. Counsel Was Not Ineffective

The majority's reliance on the failure of defense counsel to challenge the admission of the defendant's criminal background as conduct satisfying the 
Strickland
 test is not supported by the record.  Such challenge was made by defense counsel at two different stages of the trial process; first, by a motion 
in limine
 under 
Montgomery
 before defendant testified where defense counsel was successful in that the judge admitted only two of defendant's convictions.  Secondly, a more specific challenge to evidence of the battery arrests was made by counsel, after his direct examination of the defendant.  Thus, the record does not support the majority's conclusion that the first prong of 
Strickland
 was satisfied by defense counsel's failure to challenge this evidence.

     The majority further finds that defense counsel's direct examination of the defendant satisfied the first prong of the 
Strickland
 test because he "opened the door" to defendant's battery arrests, giving a false impression of defendant's criminal history.  Not only did the trial judge characterize that conduct of defense counsel as "a matter of trial strategy," but the majority agrees that "one could deduce" that defense counsel's actions were trial tactics to mitigate the effect of defendant's impeachment by his prior theft conviction.  Slip op. at 5.  Whether the tactic was to mitigate the theft conviction or to place defendant in a nonviolent light or both, unsuccessful trial strategy is not ineffective assistance of counsel. 
People v. Spears
, 256 Ill. App. 3d, 374, 379, 628 N.E.2d 376 (1993).

     The whole record must be considered when determining whether counsel was ineffective.  
People v. Albanese
, 104 Ill. 2d 504, 525, 473 N.E.2d 1246 (1984).  Defense counsel made an effective opening statement and closing argument, and conducted direct and cross-examination consistent with his theory of defense.  Thus, the performance of defense counsel taken as a whole fails to satisfy the first prong of 
Strickland
 and did not fall below an objective standard of reasonableness.

     In addressing the second prong of 
Strickland
, the majority finds that the jury's verdict was based on witness credibility, describes the evidence as "he said/she said" and therefore concludes that defendant's battery arrests were outcome determinative.  Slip op. at 5-6.  This description oversimplifies the evidence.

     A careful examination of the testimony reveals that the prosecution presented corroborating evidence from the victim's supervisor, a police officer, security guard and the victim's mother that defendant was stalking her and attacked her because she rejected him.  The evidence supports the finding that the jury's verdict was not simply based on credibility, but included evaluation of independent corroborating evidence, as well as circumstantial evidence.  It is the function of the jury to weigh contradictory evidence as well as judge the credibility of witnesses.  
People v. Johnson
, 173 Ill. App. 3d 998, 527 N.E.2d 1317 (1988).  As such, the record does not support the majority's description of the evidence as "he said/she said," nor does the record reflect that the evidence of defendant's battery arrests was outcome determinative.

II.  Defendant's Battery Arrests Were Properly Admitted

     The general rule for impeaching a witness with evidence of prior criminal conduct is that convictions of crimes punishable by sentences of more than one year or involving dishonesty may be admitted if the court determines that their probative value outweighs their prejudicial effect and only if the conviction was less than 10 years prior to trial.  
People v. Montgomery
, 47 Ill. 2d 510, 268 N.E.2d 695 (1971).  The majority recognizes a deviation from this rule where the witness testifies on direct regarding some aspects of his criminal record, a practice referred to as "opening the door."  
People v. DeHoyos
, 64 Ill. 2d 128, 355 N.E.2d 19 (1976).  The rationale for this deviation is that a defendant cannot complain when the prosecution pursues a line of questioning which was invited by his own tactics at trial.  
People v. Seider
, 98 Ill. App. 3d 175, 423 N.E.2d 1217 (1981).

     The case of 
People v. Brown
, relied upon by the majority, addresses the "open door" exception where a witness mentions on direct fewer than all of his arrests or convictions.  
People v. 
Brown
, 61 Ill. App. 3d 180, 185, 377 N.E.2d 1201 (1978).  In 
Brown
, the defendant admitted on direct examination two convictions and that he had been "in no trouble for the past five years."  
Brown
, 61 Ill. App. 3d at 184.

     The 
Brown
 court followed the general impeachment rule because the prosecution impeached the witness on matters not within the fixed five year period covered on direct examination.  Brown rejected the "open door" exception, finding it "doubtful that Brown's admission of two convictions, coupled with his statement that he had been out of trouble for five years, would imply an absence of other trouble prior to that five-year period."  
Brown
, 61 Ill. App. 3d at 185.

     In applying the 
Brown
 test we need to determine whether the prosecution impeached the defendant on matters not established as falling within the fixed period covered on direct examination, which begins with defendant "growing up in Chicago" and ends in the year 1994.  Defendant's trouble with the police while growing up began on November 21, 1977, with his first arrest at age 17.  The four battery arrests explored by the prosecution took place within the period of time covered by the direct examination, and therefore, the prosecutor's four questions do not violate the 
Brown
 test. 
Brown
, 61 Ill. App. 3d at 184.

     The four questions asked by the prosecution did not take unfair advantage of a defense tactical error. Inquiry by the prosecution into the defendant's prior arrests in order to rebut the impression created by defendant that he had some vague trouble with the police while growing up, only a couple of arrests in '93 and '94 and no background for violence or weapons, was proper, invited, and well within the scope of direct examination.  
Seider
, 98 Ill. App. 3d at 182.

     By introducing four battery arrests from defendant's background, which included 30 arrests and 6 convictions one for burglary, four for theft and one for criminal trespass to vehicle the prosecution pursued a limited cross-examination invited by the questions of defense counsel and authorized by the "open door" exception to the general impeachment rule.  
People v. Bey
, 42 Ill. 2d 139, 147, 246 N.E.2d 287 (1969).  Furthermore, the evidence was isolated and not referred to again.  
People v. Powell
, 180 Ill. App. 3d 315, 327, 535 N.E.2d 1008 (1989).  This limited, evidence followed by defense counsel's redirect, which establish
(footnote: 1)ed that the charges were not pursued and did not involve the victim in this case undercuts the majority's conclusion that this evidence was outcome determinative.

     The admissibility of evidence at trial is a matter within the  discretion of the trial judge, and the judge's decision may not be overturned absent a clear abuse of discretion.  
People 
v. Edmundson
, 247 Ill. App. 3d 738, 744, 617 N.E.2d 446 (1993).  The record reflects that the trial judge was aware of the rules regarding admission of prior crimes evidence and used his discretion properly.  First, when he resolved defendant's 
Montgomery
 motion 
in limine
 he weighed the prejudicial effect against the probative value and determined that only two theft convictions were admissible.  Moreover, indicating a sensitivity to this area of the law, the judge asked defense counsel if he wanted the convictions admitted using the "mere fact" approach, but defense counsel rejected the offer.  When defense counsel began to open the door to defendant's criminal background, the judge immediately ordered him to "pursue another line" of questioning.  The trial judge understood that such background evidence ordinarily is not admissible, recognized the exception to this general rule and used his discretion wisely by allowing a limited cross-examination.  
People v. Owens
, 46 Ill. App. 3d 978, 994, 361 N.E.2d 644 (1977).

     A judge has wide discretion in pursuit of the "duty to see that justice is done," and this discretion will not be interfered with except where it is clearly abused.  
People v. Jackson
, 250 Ill. App. 3d 192, 620 N.E.2d 1239 (1993).  The judge struck a balance between the right that both sides have to a fair trial.  The record reflects no abuse of discretion.

     For the foregoing reasons, I respectfully dissent.         

FOOTNOTES
1: