THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS LANTER, Defendant-Appellant.

Fourth District   No. 4—91—0550

Opinion filed June 11, 1992.

Daniel D. Yuhas and Lawrence Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

After a jury trial defendant was convicted of aggravated battery and aggravated assault (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(b)(7),

12—2(a)(1)), stemming from an incident that occurred at his home on November 10, 1990. He was sentenced to five years in the Department of Corrections for aggravated battery and 364 days for aggravated assault, to run concurrently. On appeal, defendant argues (1) the trial court erred in refusing to allow him to examine the prospective jurors regarding his intoxication defense, and (2) trial counsel was constitutionally ineffective for failing to inquire during *voir dire* whether any of the prospective jurors harbored a disqualifying view towards his intoxication defense. We reverse and remand for a new trial.

On the date in question, Jerry Sullivan, a fireman for the Decatur fire department, and Donald Anderson, a paramedic for the Decatur ambulance service, responded to a call indicating a possible drug overdose at defendant's home. Defendant was found in his basement and, after being calmed down, was escorted outside to be taken to a hospital. As he neared the ambulance, he became upset and swung at Sullivan. Sullivan blocked the blow and was struck in the forearm. Subsequently, defendant began "shouting threatening remarks" at Anderson. Defendant reached for a knife he carried in a sheath on his belt, unsnapped the case, and began pulling the knife out. Sullivan grabbed the knife, and defendant was restrained and placed in police custody. Defendant contended that he was not guilty of these offenses by virtue of the intoxication defense (Ill. Rev. Stat. 1989, ch. 38, par. 6—3(a) (defendant not responsible if intoxicated condition "so extreme as to suspend the power of reason and render him incapable of forming a specific intent which is an element of the offense")).

During *voir dire*, defense counsel asked a prospective juror if she had any feelings or viewpoints concerning alcohol and drugs which would cause her to favor one of the parties. Subsequently, the following colloquy was exchanged:

> "Q. [By counsel for defendant:] Now *** I already asked you, but with the other eleven jurors, do any of you have any feelings concerning the use of alcohol or drugs which could affect your ability to be a juror in this case, if there were testimony about alcohol or drugs?
>
> MR. STEADMAN [prosecutor]: I am going to object to that, Judge.
>
> THE COURT: Sustained."

Defense counsel used his peremptory challenges to excuse four jurors. Four more jurors were called, and defense counsel again attempted to inquire whether these jurors had any feelings or opinions concerning alcohol or drugs. The court again sustained the State's objection to this question. No further attempts were made to inquire as to the venire's

feelings toward the intoxication defense nor did defense counsel inquire as to why the court sustained the State's objections. There is no indication in the record on appeal that defense counsel used all of his peremptory challenges.

At the close of the trial, the jury was instructed on the intoxication defense. After a period of time, the jury indicated it was unable to reach a decision. The court advised the jurors that they had only been deliberating for a short time and should continue with their deliberations. Subsequently, the jury found defendant guilty, and he filed a post-trial motion for a new trial or, in the alternative, for a directed verdict of not guilty. He argued, *inter alia*, that the court erred in sustaining the State's objection to defendant's question during *voir dire*.

During the hearing on defendant's post-trial motion, the court explained its ruling. It stated:

> "Paragraph 4 of the defendant's motion [dealt] with the interrogation of the prospective jurors and the question put to them whether they had any feelings or views concerning alcoholic liquor or drugs. That question was sustained by the court because it [was] improper in its form. I submit that every person has feelings or views concerning alcoholic liquor or drugs. Those feelings or views may be supportive of the use of alcohol or drugs or they may be non-supportive of the use of alcohol or drugs, but the question in its form, if correctly answered, can be answered only in the affirmative. Counsel did not choose, after the court sustained the objection, to follow up the question by presenting it in its proper form and therefore has waived any right he may have had under the authority cited to the court to inquire further into biases against the use of alcoholic liquor or drugs so as to prejudice a juror's view of the evidence or to render a fair and impartial verdict. The question was improper in form. The objection was sustained. Counsel waived any further right to pursue it by his failure to restate the question in proper form. The record will show the arguments heard. Motion denied."

This appeal followed.

We first consider defendant's argument that under *People v. Stack* (1986), 112 Ill. 2d 301, 493 N.E.2d 339, the trial court abused its discretion by refusing to allow him to question the venire regarding his intoxication defense. *Stack* reviewed three questions posed by defense counsel which the trial judge refused to tender to the venire. The questions pertained to that defendant's defense of insanity, which defense the court stated remained a subject of intense controversy. Defendant con-

tends the proffered question in this case is no different than the question posed in *Stack,* " 'Do you have any feeling or viewpoint concerning the defense of insanity in a criminal case[,]' " which the supreme court ultimately determined should have been put to the prospective jurors. *Stack,* 112 Ill. 2d at 310, 493 N.E.2d at 343.

The fundamental purpose of *voir dire* is to ensure the selection of an impartial jury. *Voir dire* is not a means of indoctrinating a jury or impaneling one with a particular predisposition. (*People v. Bowel* (1986), 111 Ill. 2d 58, 64, 488 N.E.2d 995, 998.) Although it is well settled that a defendant is entitled to a trial by an impartial jury, the court has a right to reasonably regulate the manner in which jurors are selected. (*People v. Skipper* (1988), 177 Ill. App. 3d 684, 687, 533 N.E.2d 44, 45.) In this regard, Supreme Court Rule 234 provides:

> "The court shall conduct the *voir dire* examination of prospective jurors by putting to them questions it thinks appropriate touching their qualifications to serve as jurors in the case on trial. The court may permit the parties *** to supplement the examination by such direct inquiry as the court deems proper. Questions shall not directly or indirectly concern matters of law or instructions." (134 Ill. 2d R. 234.)

"Examination of prospective jurors by court or by counsel is *** a matter of trial detail which courts can regulate in the exercise of judicial discretion." (*People v. Jackson* (1977), 69 Ill. 2d 252, 260, 371 N.E.2d 602, 606.) To successfully challenge the adequacy of *voir dire,* it is not, however, necessary for the defendant to show that the jury, in fact, was prejudiced. (*People v. Visnack* (1985), 135 Ill. App. 3d 113, 122-23, 481 N.E.2d 744, 750 (wherein no plain error was found), citing *United States v. Dellinger* (7th Cir. 1972), 472 F.2d 340, 367; *cf. People v. Phillips* (1981), 99 Ill. App. 3d 362, 369, 425 N.E.2d 1040, 1046 (suggesting that appellant must show jury finally selected was not fair or impartial).) Rather, the standard for evaluating a court's exercise of discretion during *voir dire* is whether the questions posed and the procedures employed created a reasonable assurance that prejudice would be discovered if present. (*People v. Sanders* (1986), 143 Ill. App. 3d 402, 405, 493 N.E.2d 1, 3 (mere fact gun was involved would prejudice jurors); *Visnack,* 135 Ill. App. 3d at 123, 481 N.E.2d at 750.) Courts must be alert to attempts to convert *voir dire* into a vehicle for pre-educating and indoctrinating prospective jurors as to a particular theory of defense. (*People v. Kendricks* (1984), 121 Ill. App. 3d 442, 448-49, 459 N.E.2d 1137, 1141-42.) Reasonable limitations on *voir dire* do not deprive a litigant of his right to trial by an impartial jury. "However, a failure to permit pertinent inquiries to enable a party to ascer-

tain whether the minds of the jurors are free from bias or prejudice which would constitute a basis of challenge for cause, or which would enable him to exercise his right of peremptory challenge intelligently, may constitute reversible error." *People v. Lobb* (1959), 17 Ill. 2d 287, 300, 161 N.E.2d 325, 332-33; see also *People v. Thomas* (1980), 89 Ill. App. 3d 592, 599, 411 N.E.2d 1076, 1082; *Gasiorowski v. Homer* (1977), 47 Ill. App. 3d 989, 991, 365 N.E.2d 43, 45.

■ Not every affirmative defense is so controversial as to render *voir dire* questioning appropriate. (See, *e.g., Kendricks*, 121 Ill. App. 3d at 449, 459 N.E.2d at 1142 (self-defense not controversial; trial court properly refused to question concerning it); *People v. Phillips* (1981), 99 Ill. App. 3d 362, 425 N.E.2d 1040 (defense of compulsion).) However, in our view, the *voir dire* question posed by defense counsel regarding the venire's feelings toward alcohol or drugs was properly probative of bias, and counsel should have been permitted to put the question to prospective jurors. The question did not violate Supreme Court Rule 234 (134 Ill. 2d R. 234) because it did not touch upon matters of law or instruction. It sought only to determine whether prospective jurors would be biased. As the record reflects, the trial court failed to ask any questions regarding the venire's feelings toward alcohol or drugs and twice sustained the State's objection to defense counsel's attempts to inquire into this area. Although the trial court asked prospective jurors whether there was anything about the nature of the charges which would affect their ability to be fair and impartial and whether they could follow the law as instructed by the court, we cannot say that the *voir dire* process employed was sufficient to have created a reasonable assurance that any prejudice toward intoxicated persons or the intoxication defense would have been disclosed. The trial court's failure to elicit pertinent information from the jurors or to allow defense counsel to inquire himself prevented defendant from intelligently exercising his peremptory challenges. Accordingly, we reverse and remand for further proceedings.

Because of our resolution of the first issue, we need not address defendant's argument that trial counsel was incompetent.

Reversed and remanded.

GREEN, P.J., and KNECHT, J., concur.