No. 3--05--0713

_____

Filed August 29, 2006.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| VILLAGE OF PLAINFIELD, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit |
| Plaintiff-Appellee. | ) | Will County, Illinois |
| | ) | |
| v. | ) | No. 04 DT 672 |
| | ) | |
| STEVEN G. NOWICKI, | ) | Honorable |
| | ) | Edward Burmila, Jr. |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

_____

JUSTICE LYTTON delivered the Opinion of the court:
_____

Defendant, Steven G. Nowicki, was convicted of driving under the influence (625 ILCS 5/11-501(a)(2) (West 2004)) and improper lane usage (Plainfield Local Ordinance Ch. 5, Sec. 5-3). On appeal, he argues that the trial court improperly refused to question potential jurors about their opinions toward alcohol. We reverse and remand.

Defendant was arrested and charged with driving under the influence and improper lane usage. Prior to voir dire at defendant's jury trial, defense counsel requested that the trial court question the venire about whether they drink alcohol socially and, if not, whether they have any religious or moral opinions regarding drinking alcohol. The trial court refused defense counsel's request. Defense counsel then requested that the trial court question prospective jurors about whether they belong to or donate any money to anti-drunk driving

organizations, such as Mothers Against Drunk Driving.  The trial court agreed to ask that question.  Three potential jurors admitted to contributing financially to such organizations but stated that they could be fair and impartial to defendant.

The trial court also asked the jurors the following questions:

"[I]s there anything at all about the nature of the charge in this case, that it's a DUI, that would make it impossible for you to be fair and impartial?  Anything that would be on your mind at all just because the defendant is charged with DUI?"

As a result of those questions, one potential juror disclosed that his grandmother was killed by a drunk driver.  Nevertheless, he said that he could be fair and impartial to defendant.

The prospective jurors who admitted to contributing money to anti-drunk driving organizations, including the individual whose grandmother died in a drunk driving accident, were excused from the jury.[1]  The trial court asked the remaining prospective jurors, "Is there anything of substance that I did not touch on in the questions that I asked you that you think we should know about your service as a juror in this case?"  They all responded in the negative.  The trial court also asked, "Will you give both sides in this case a fair trial?"  All of the jurors agreed that they would.

The jury found defendant guilty of driving under the influence and improper lane usage.  The trial court sentenced defendant to 24 months conditional discharge and ordered him to pay fines, fees and costs.

ANALYSIS

---

[1] It is not clear from the record whether the potential jurors were excused for cause or counsel exercised their peremptory challenges to excuse them.

Defendant argues that the trial court's refusal to question the venire regarding their opinions toward alcohol denied him a fair opportunity to investigate bias or prejudice among the prospective jurors. The Village responds that the questions posed to the venire were sufficient to reveal any prejudice or bias. The Village also contends that defense counsel's questions were improper because they delved into the religious beliefs of potential jurors.

The purposes of <u>voir</u> <u>dire</u> are to (1) enable the trial court to select jurors who are free from bias or prejudice, and (2) ensure that attorneys have an informed and intelligent basis on which to exercise their peremptory challenges. <u>People v. Gregg</u>, 315 Ill. App. 3d 59, 732 N.E.2d 1152 (2000). The standard for evaluating a court's exercise of discretion during <u>voir</u> <u>dire</u> is whether the questions posed and procedures employed created a reasonable assurance that any prejudice or bias would be discovered if present. <u>People v. Lanter</u>, 230 Ill. App. 3d 72, 595 N.E.2d 210 (1992).

A trial court's limitation on <u>voir</u> <u>dire</u> will constitute reversible error if it precludes a party from ascertaining whether the minds of the jurors are free from bias or prejudice which would constitute a basis of challenge for cause or which would enable him to exercise his right of peremptory challenge intelligently. <u>People v. Strain</u>, 194 Ill. 2d 467, 476-77, 742 N.E.2d 315, 320 (2000). When intoxication is a major issue in a case, it is reversible error for the court not to question prospective jurors regarding their opinions toward alcohol. See <u>Lanter</u>, 230 Ill. App. 3d 72, 595 N.E.2d 210 (intoxication defense); <u>State v. Ball</u>, 685 P.2d 1055 (Utah S. Ct. 1984) (DUI); <u>State v. Miller</u>, 60 Idaho 79, 88 P.2d 526 (Idaho S. Ct. 1939) (DUI). While a potential juror's opinions about alcohol may not support a challenge for cause, such information allows defense counsel to exercise his peremptory challenges more intelligently. <u>Ball</u>, 685 P.2d at 1059-60.

3

Questioning prospective jurors generally about whether they have any biases or prejudices that could affect their ability to be impartial does not reasonably assure that prejudice toward alcohol consumption will be disclosed. See Lanter, 230 Ill. App. 3d at 76, 595 N.E.2d at 214; Ball, 685 P.2d at 1058. "It is unrealistic to expect that any but the most sensitive and thoughtful jurors (frequently those least likely to be biased) will have the personal insight, candor and openness to raise their hands and declare themselves biased." Ball, 685 P.2d at 1058.

Potential jurors can be asked about religious beliefs that may directly affect their ability to serve on a jury in a particular case. State v. Hodge, 248 Conn. 207, 268, 726 A.2d 531, 564 (Conn. S. Ct. 1999)(concurring opinion), cited by Smith v. State, 797 So.2d 503, 518 (Ala. App. Ct. 2000). Questioning prospective jurors about their personal or religious views toward alcohol consumption is permissible because such questions are reasonably calculated to discover any latent bias that may exist among the venire. See Ball, 685 P.2d at 1059.

Here, defense counsel's proposed questions might have revealed potential jurors who had religious or moral objections to alcohol. Counsel may perceive that a juror with such objections might not be fair and impartial to defendant even if he claimed otherwise. If a potential juror was morally or religiously opposed to drinking, defense counsel might decide to use a peremptory challenge to remove that person from the jury. See Ball, 685 P.3d at 1059-60. Further, the questions proposed by defense counsel sought only relevant information about potential jurors' opinions toward alcohol and did not unduly or unnecessarily intrude into their religious beliefs. See Ball, 685 P.2d at 1060. Such opinions could directly affect one's ability to serve on a jury in a trial for driving under the

4

influence of alcohol.  See Ball, 685 P.2d at 1059-60.  The trial court's refusal to pose questions to the venire denied defense counsel an informed and intelligent basis on which to exercise his peremptory challenges and thus constituted reversible error.  See Strain, 194 Ill. 2d at 476-77, 742 N.E.2d at 320.

The Village argues, however, that the trial court's questions to the venire regarding whether they could be impartial and fair to both sides were sufficient to ferret out any prejudice.  We disagree.  Such general questions are not reasonably calculated to discover the potential jurors' latent biases against drinking alcohol.  See Lanter, 230 Ill. App. 3d at 76, 595 N.E.2d at 214; Ball, 685 P.2d at 1058.  Thus, defense counsel's questions were necessary and should have been posed to the venire.

## CONCLUSION

The order of the circuit court of Will County is reversed and  remanded.

Reversed and remanded.

BARRY and MCDADE, JJ., concurring.